V. James DeSimone (SBN: 119668)
**vjdesimone@gmail.com**
Carmen D. Sabater   (SBN: 303546)
**cds820@gmail.com**
Emily C. Barbour (SBN: 337185) Of-Counsel
**ebarbour@bohmlaw.com**
**V. JAMES DESIMONE LAW**
13160 Mindanao Way Suite 280
Marina Del Rey, California 90292
Telephone: (310) 693-5561
**VJD000142@bohmlaw.com**

Attorneys for Plaintiffs,
ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S.,
individually and as successors in interest to GUILLERMO MEDINA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S., by and through their, Guardian Ad Litem ADRIANA CHRISTINE MEDINA, individually and as successors in interest to GUILLERMO MEDINA;<br><br>          PLAINTIFFS,<br><br>          v.<br><br>CITY OF CULVER CITY; OFFICER ADAM RIOS; POLICE CHIEF MANUEL CID; in his individual, and official capacity and DOES 1-10 inclusive,<br><br>          DEFENDANTS. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>1. Unreasonable Use of Deadly Force (42 U.S.C. § 1983)<br>2. Denial of Adequate Medical Care (42 U.S.C. § 1983)<br>3. Interference With Familial Relationship (42 U.S.C. § 1983)<br>4. Deprivation of Life Without Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Discrimination on Basis of Disability (42 U.S.C. § 12132)<br>7. Violation of Bane Act (Cal. Civil Code § 52.1)<br>8. Wrongful Death (C.C.P. § 377.60)<br>9. Assault and Battery<br>10. Negligence<br>11. Loss of Consortium<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S. allege as follows:

## INTRODUCTION

1.     This case arises from the unjustified shooting and killing of GUILLERMO MEDINA ("Mr. MEDINA").  On or about December 18, 2022, the Culver City Police Department ("CCPD") shot Mr. MEDINA multiple times in the back while he fled on foot.  At the time he was killed, Mr. MEDINA was unarmed and did not pose a threat to anyone.  The killing was completely unjustified and contrary to well-established law and the long-standing law enforcement tenet that police officers cannot shoot a man in the back merely because he is running away.

2.     Mr. MEDINA had a history of mental illness and was having a mental health crisis, for which his wife requested assistance.  Instead of helping Mrs. Medina, however, CCPD shot and killed Mr. MEDINA.

3.     DEFENDANT ADAM RIOS ("DEFENDANT RIOS"), an employee of the Culver City Police Department ("CCPD") and the City of Culver City ("Culver City" or "City"), shot MR. MEDINA repeatedly in the torso as Mr. MEDINA fled—at a light jog—on foot.  The County of Los Angeles Department of Medical Examiner-Coroner ruled the death a Homicide and determined that the cause of death was multiple gunshot wounds.

4.     DEFENDANT CITY directly and proximately caused MR. MEDINA's death and PLAINTIFFS' injuries, are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5.     DEFENDANT CITY's policies and customs of engaging in the use of excessive force, including the unnecessary and unreasonable shooting of civilians such as MR. MEDINA, are fundamentally unconstitutional and constitute a menace to the public.

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

## JURISDICTION

6.     This case arises under 42 U.S.C. § 1983, the United States Constitution, and California law.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) in that the unlawful actions challenged herein occurred in the Central District and Defendants reside in the Central District.

## PARTIES AND THEIR AGENTS

8.     PLAINTIFFS, ADRIANA CHRISTINE MEDINA, the wife of deceased Mr. MEDINA, VICTORIA LYNN SILVA, daughter of deceased, J.G.M., and A.G.S., minor sons of deceased, by and through their Guardian ad litem ADRIANA CHRISTINE MEDINA, bring this action individually and as heirs and/or successors in interest to their husband and father, Mr. MEDINA, who died intestate.  PLAINTIFFS lived with Mr. MEDINA and were dependent upon him for financial and material support and relied on his support for the necessities of life.

9.     PLAINTIFFS assert all survival claims and rights under California law that survive Mr. MEDINA's death pursuant to California Code of Civil Procedure ("CCP")  §§ 377.20 et *seq.*; all wrongful death claims pursuant to CCP §§ 377.60 *et seq.*; and any survival and individual claims they may bring under 42 U.S.C. § 1983 and federal law.

10.     PLAINTIFF ADRIANA CHRISTINE MEDINA, the wife of deceased was a resident of the County of Los Angeles, California.  Mrs. Medina is both an heir of Mr. MEDINA and one of Mr. MEDINA's successors in interest.

11.     At all times mentioned in this Complaint, PLAINTIFF VICTORIA LYNN SILVA, the daughter of Mr. MEDINA, was a resident of the County of Los Angeles, California. Ms. Silva is both an heir of Mr. MEDINA and one of Mr. MEDINA's successors in interest.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                              V. James DeSimone, Esq.
Case No.:                                                                          Carmen D. Sabater, Esq.
                                                                                          Emily C. Barbour, Esq.

12.     At all times mentioned in this Complaint, PLAINTIFFS J.G.M., and A.G.S., the minor sons of Mr. MEDINA, were residents of the County of Los Angeles, California. J.G.M. and A.G.S. are heirs of Mr. MEDINA and two of Mr. MEDINA's successors in interest.

13.     PLAINTIFFS are informed and believe and based thereon allege that at all relevant times Defendant City of Culver City was a municipality duly organized under the laws of the State of California.  Liability under California law for Defendant City and its employees, including the individually and fictitiously named defendants, is based in whole or in part upon the following statutes, among others: California Government Code §§ 815.2 and 820; Penal Code §§ 149, 240, and/or 242; and/or Civil Code §§ 43, 51, 51.7, 52.1, 1708, and/or 1714.  Liability under federal law for all government-entity employees is based upon 42 U.S.C. § 1983.  Defendant City is also liable under federal law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

14.     DEFENDANT MANUEL CID was, at all times relevant to this action, the CCPD police chief and a policymaker for his department.  He is sued in both his individual and official capacities.

15.     At all relevant times, DEFENDANT RIOS and DEFENDANTS UNKNOWN DOE OFFICERS 1-10 were members of the Culver City Police Department, a departmental branch of DEFENDANT CITY (or were otherwise employed as peace officers) and were duly authorized employees of the CITY, acting under color of law within the course and scope of their respective duties as peace officers and with the complete authority and ratification of the DEFENDANT CITY.

16.     At all relevant times, DEFENDANT DOE OFFICERS 1-10 are unknown to PLAINTIFFS, who will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible for some part of the

**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

conduct and liabilities alleged herein.  Each Doe Defendant is being sued in both his individual and official capacities.

17.     PLAINTIFFS are informed and believe and based thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority.  Additionally, the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

18.     All non-municipal, individual defendants are sued in both their individual and official capacities.  All non-municipal, individual defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and/or with reckless disregard for PLAINTIFFS' rights and thus are liable for compensatory and punitive damages.

19.     On January 24, 2023, PLAINTIFFS timely filed a government claim with DEFENDANT CULVER CITY.  Consistent with the requirements of the California Government Claims Act, PLAINTIFFS will amend this civil complaint if and when that government claim is rejected by THE CITY.

## FACTS COMMON TO ALL CAUSES OF ACTION

20.     On or around December 18, 2022, at approximately 1:00 a.m., Culver City Police Department, (hereinafter "CCPD"), received a call from PLAINTIFF ADRIANA CHRISTINE MEDINA that her husband MR. MEDINA was banging on the windows and was experiencing a mental health crisis.  MR. MEDINA had previously been diagnosed with paranoid schizophrenia and depressive disorder.

21.     When DEFENDANT RIOS and DEFENDANTS DOE OFFICERS 1-10 responded, MR. MEDINA fled the scene and a pursuit ensued.  During the pursuit, DEFENDANT OFFICER DOE 1 arrived at the family residence and advised PLAINTIFF ADRIANA MEDINA that he would remain with her and the

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

1  children until the incident came to a conclusion.

2  22.  During the pursuit, MRS. MEDINA repeatedly pleaded with the
3  DEFENDANT DOE 1 to get on the radio and tell DEFENDANT RIOS and the
4  other DEFENDANTS DOE OFFICERS 2-10 that MR. MEDINA needed help
5  because he had been diagnosed with paranoid schizophrenia and appeared to be
6  having a mental health crisis.  PLAINTIFF ADRIANA MEDINA also told
7  DEFENDANT DOE 1 that she believed that MR. MEDINA was not going to hurt
8  anybody and to please not hurt him.

9  23.  Once the pursuit ended, an unarmed MR. MEDINA exited his vehicle
10  and fled—at a light jog—northbound on Cardiff Avenue. As MR. MEDINA was
11  jogging away, DEFENDANT  RIOS shot Mr. MEDINA in the back multiple times,
12  causing Mr. MEDINA to fall to the ground.

13  24.  Although DEFENDANTS RIOS and DOES 1-10 knew that Mr.
14  MEDINA had been shot, they delayed summoning medical care.  Mr. MEDINA's
15  legs never moved after he fell, but he was alive when he hit the ground, as he rolled
16  over to his back and stretched out his arms to his side.  Nevertheless,
17  DEFENDANTS RIOS and DOES 1-10 showed no urgency as they approached the
18  dying man and shined flashlights into his face.

19  25.  During MR. MEDINA's last moments, DEFENDANT RIOS  and
20  DEFENDANTS UNKNOWN DOE OFFICERS 1-10 failed to provide or acquire
21  timely medical care or resuscitative efforts.  Mr. MEDINA ultimately died in the
22  same spot where he fell.

23  26.  The County of Los Angeles Department of Medical Examiner-
24  Coroner ruled MR. MEDINA's death to be a Homicide and that the cause of death
25  was multiple gunshot wounds.

26  27.  The unarmed MR. MEDINA did not pose a threat to DEFENDANT
27  RIOS or others.  Mr. MEDINA was running away from the DEFENDANT RIOS
28  when he was shot and killed by DEFENDANRIOS.

6
**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

28.     Plaintiffs are informed and believe and thereon allege that employees of the DEFENDANT CULVER CITY used negligent and improper tactics during their interaction with the decedent that were a direct and proximate cause of his death.

29.     Plaintiffs are informed and believe that MR. MEDINA was mentally disabled and/or experiencing a mental health crisis resulting in mental disability on December 18, 2022, and that the officers who responded failed to make reasonable accommodations for his obvious mental disability and used excessive force against him based on his disability.  PLAINTIFFS are further informed and believe and thereon allege that DEFENDANT CITY's employees on the scene failed to provide prompt medical and/or mental health intervention to MR. MEDINA, which was a further proximate cause of his injuries and death.

30.     PLAINTIFFS are informed and believe that the employees involved in the shooting were negligently trained, retained, and/or supervised by DEFENDANT CITY and/or other employees of the CCPD, including supervisory employees DOES 9-10, and that, consequently, these employees failed to use proper tactics in using force and in responding to a person with mental disabilities.

31.     The CCPD officers, including DEFENDANT RIOS and DOE OFFICERS 1-10, who responded to the incident involving MR. MEDINA were informed and should have realized that he was likely suffering from a mental illness or disability and should have taken reasonable accommodations with respect to MR. MEDINA to accommodate for his mental disability.  Rather than shooting to kill MR. MEDINA as he fled, Defendants were required to accommodate MR. MEDINA by, including but not limited to, recognizing cues and other indicators of MR. MEDINA's mental disability and employing de-escalation tactics that would have been likely to resolve the situation without injury.

32.     The use of deadly force against MR. MEDINA was excessive, unnecessary, shocking to the conscience, and resulted in his untimely death.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                              Carmen D. Sabater, Esq.
                                                                                          Emily C. Barbour, Esq.

DEFENDANT RIOS's decision to shoot Mr. MEDINA violated both state and federal laws, the policies and procedures of CCPD, and Police Officer Standard Training mandates.

33.    DEFENDANT RIOS used excessive and unreasonable force against MR. MEDINA, in violation of the Fourth Amendment, the Fourteenth Amendment of the United States Constitution, the California Constitution, California Civil Rights Laws, Penal Code 835a, engaged in assault and battery, and is liable for all wrongful death and survival claims.

34.    At a minimum, DEFENDANT RIOS acted negligently, and was negligently trained by the CCPD. DEFENDANT RIOS knew or should have known that MR. MEDINA did not present a threat to his safety or the safety of others. The City of Culver City and the CCPD negligently hired, trained, supervised and retained DEFENDANT RIOS.

35.    The City of Culver City and the CCPD maintain an unconstitutional policy and practice of encouraging and tolerating unnecessary and excessive force by, among other things, deliberately refusing to appropriately investigate and impose appropriate discipline and corrective action on employees who engage in excessive and unnecessary deadly and excessive force and encouraging, tolerating, and condoning a culture of falsifying incident and arrest reports.

36.    MR. MEDINA died from the multiple gun shots fired into his body by DEFENDANT RIOS. PLAINTIFFS seek full compensation for the wrongful death of MR. MEDINA, including all wrongful death and survival damages, pain and suffering, loss of earnings, loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

37.    PLAINTIFF ADRIANA MEDINA is also claiming loss of consortium.

///

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

38.     PLAINTIFFS also seek punitive damages, attorneys' fees, and costs against all individually named defendants.

39.     DEFENDANT RIOS' unlawful use of excessive force caused MR. MEDINA to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when he was fatally shot and killed by DEFENDANT RIOS, who was acting under the color of law and as an employee of the CCPD.  DEFENDANTS DOE OFFICERS 1-10, inclusive, integrally participated in or failed to intervene in the fatal shooting and killing of MR. MEDINA.

40.     Even after MR. MEDINA lay motionless on the pavement, having been rendered incapacitated, DEFENDANT RIOS and DEFENDANTS UNKNOWN DOE OFFICERS 1-10 did not render any type of first aid.

41.     Based on information and belief, prior to using deadly force, DEFENDANT RIOS gave no verbal command or warning prior to shooting MR. MEDINA, as required by Police Officer Standard Training (POST), California law and Constitutional limits on the use of force.

42.     DEFENDANTS DOE OFFICERS 1-10 took no steps to intervene and/or prevent the killing of MR. MEDINA.

43.     Upon information and belief, after DEFENDANT RIOS shot MR. MEDINA, DEFENDANT RIOS and DEFENDANTS DOE OFFICERS 1-10 did not timely summon medical care or permit medical personnel to treat MR. MEDINA. The delay of medical care to MR. MEDINA caused him extreme physical and emotional pain and suffering, and was, on information and belief, a contributing cause of MR. MEDINA's death.

44.     Furthermore, Los Angeles County Deputy Medical Examiner, ruled MR. MEDINA's death a homicide.

45.     On June 9, 2020, in the aftermath of George Floyd's death in Minneapolis, the L.A. Times compiled a database of cases where people died at the

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

hands of law enforcement in Los Angeles County.  The L.A. Times found that "since 2000, there have been nearly 900 killings by local police that were ruled a homicide by county medical examiners. Almost all of those killed by policed were men, nearly 80% were black or Latino," Further, more than 50% of these individuals whose deaths were caused by law of enforcement were Latino, as was MR. MEDINA.  PLAINTIFFS are informed and believe and thereon allege the CCPD engages in racially biased policing stopping, detaining, handcuffing and using excessive force in a disproportionate manner against Blacks and Latinos, including minors.

## FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### (Plaintiffs as Successors in Interest Against All Defendants)

46.    PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

47.    DEFENDANT RIOS used excessive force against Mr. MEDINA, including, but not limited to, shooting him in the back with lethal rounds unnecessarily and repeatedly, failing to first attempt other less serious use of force options before resorting to deadly force, failing to issue a clear verbal command prior to shooting and killing Mr. MEDINA, and failing to employ communication and de-escalation techniques appropriate for an individual experiencing a mental health crisis.

48.    DEFENDANT RIOS and DOE OFFICERS 1-10's unjustified shooting and killing of Mr. MEDINA deprived Mr. MEDINA of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. MEDINA under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.    The shooting was excessive and unreasonable, especially because Mr. MEDINA was mentally ill (a fact both known and reasonably suspected by the

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

involved officers at the time of the incident) and posed no immediate threat of death or serious bodily injury at the time of the shooting. The immediate and unnecessary resort to lethal force by DEFENDANT RIOS and DOE OFFICERS 1-10 violated their well-established police limits on the use of force—and police officer standard training.

50.     PLAINTIFFS, as MR. MEDINA's successors in interest, have the right and standing to assert MR. MEDINA's claim for the violation of his Fourth and Fourteenth Amendment rights.  As a result of their conduct, Defendants are liable for MR. MEDINA's injuries and death and the resulting damage to PLAINTIFFS in their capacity as MR. MEDINA's successors in interest. DEFENDANTS RIOS and Does 1-10 are liable for Mr. MEDINA'S's injuries and death either because they were integral participants in the excessive force, including the use of unreasonable deadly force, or because they failed to intervene to prevent these violations.

51.     DEFENDANT CITY is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of MR. MEDINA's rights and/or because it ratified the actions of its employees by finding that their actions leading to the death of MR. MEDINA were in conformity with CULVER CITY and CCPD policy and by failing to discipline the involved employees.

52.     Defendants Does 9-10 are liable for their direct actions as supervisors which caused the deprivation of MR. MEDINA's constitutional rights.

53.     On information and belief, DEFENDANT RIOS and DOES 1-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MR. MEDINA's death.

54.     On information and belief, DEFENDANT CITY failed to properly and adequately train DEFENDANT RIOS and DOES 1-10, including but not limited to,

1   with regard to the use of physical force, less than lethal force, and lethal force; and
2   with regard to the treatment of persons who are suspected of having some type of
3   mental illness.

4       55.    As a direct and legal result of Defendants' acts and omissions, MR.
5   MEDINA suffered damages, including, pre-death pain and suffering, loss of his life,
6   loss of enjoyment of life, and loss of earning capacity and loss of his relationship
7   with his children, parents, friends, and family.

8       56.    PLAINTIFFS are informed and believe and thereon allege that the acts
9   of the DEFENDANT RIOS and DOES 1-10 were willful, malicious, intentional,
10  reckless and/or were performed in willful and conscious disregard of Mr.
11  MEDINA's rights, justifying the awarding of punitive and exemplary damages
12  against the individual Defendants in an amount to be determined at the time of trial.

13      57.    PLAINTIFFS bring this claim as successors in interest to Mr.
14  MEDINA, and seek both all damages available under federal law, including
15  survival damages, including pre-death pain and suffering and loss of enjoyment of
16  life and loss of life, for the above-described violations of Mr. MEDINA's
17  constitutional rights.

18      58.    PLAINTIFFS seek attorney fees under this claim pursuant to 42 U.S.C.
19  Section 1988.

**SECOND CAUSE OF ACTION**

**Denial Of Adequate Medical Care (42 U.S.C. § 1983)**

**(Plaintiffs As Successors In Interest Against All Defendants)**

23      59.    PLAINTIFFS repeat and re-allege each and every allegation in this
24  Complaint with the same force and effect as if fully set forth herein.

25      60.    DEFENDANTS' conduct deprived Mr. MEDINA of his liberties
26  without due process of law under the Fifth and Fourteenth Amendments to the
27  United States Constitution.

28  ///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

61.     DEFENDANTS RIOS and DOES 1-10 made an intentional decision to deny PLAINTIFF immediate medical care for more than five minutes, despite being aware that he had been shot multiple times, had sustained multiple gunshot wounds to the torso, and required immediate transportation to a trauma center. Instead, DEFENDANTS RIOS and DOES 1-10 approached Mr. MEDINA slowly and stood idly by Mr. MEDINA's body while he bled to death.

62.     DEFENDANTS' denial of needed medical care for Mr. MEDINA put him at substantial risk of suffering serious harm.  Indeed, Mr. MEDINA *died* because DEFENDANTS RIOS and DOES-10 made an intentional decision not to respond to Mr. MEDINA's life-threatening injuries with the urgency that those injuries required.

63.     DEFENDANTS RIOS and DOES-10 did not take reasonable available measures to abate or reduce the risk of serious harm to Mr. MEDINA, even though the consequences of their conduct were obvious.  DEFENDANTS' refusal to take any action to assist Mr. MEDINA while he lay bleeding from multiple gunshot wounds to his torso was objectively unreasonable under the circumstances because the wounds were obviously likely to be deadly if not urgently treated.

64.     By not taking such measures, DEFENDANTS caused Mr. MEDINA's death.

65.     DEFENDANT CULVER CITY is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. MEDINA's Fifth and Fourteenth Amendment rights and/or because it ratified the actions of its employees, as mentioned above.

66.     The aforementioned customs and practices of THE CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

67.    DEFENDANTS THE CITY, MANUEL CID, RIOS, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs that permitted, encouraged, and authorized DEFENDANTS RIOS and DOES 1-10 to fail to respond with urgency to Mr. MEDINA's life-threatening injuries.  Indeed, despite having knowledge of these deficient policies, practices, and customs, DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. MEDINA and other individuals similarly situated.

68.    As a direct and legal result of Defendants' acts and omissions, MR. MEDINA suffered damages, including, pre-death pain and suffering, loss of his life, loss of enjoyment of life, and loss of earning capacity and loss of his relationship with his children, parents, friends, and family.

69.    PLAINTIFFS are informed and believe and thereon allege that the acts of the DEFENDANT RIOS and DOES 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of Mr. MEDINA's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

70.    PLAINTIFFS bring this claim as successors in interest to Mr. MEDINA, and seek both all damages available under federal law, including survival damages, including pre-death pain and suffering and loss of enjoyment of life and loss of life, for the above-described violations of Mr. MEDINA's constitutional rights.

71.    PLAINTIFFS seek attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

///

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **THIRD CLAIM FOR RELIEF**

**Interference With Familial Relationship (42 U.S.C. § 1983)**

**(Plaintiffs in Their Individual Capacities Against All Defendants)**

72.     PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

73.     By wrongfully shooting and killing Mr. MEDINA, Defendants deprived PLAINTIFFS of their Fourteenth Amendment right of familial relationship with Mr. MEDINA.

74.     PLAINTIFFS allege that the DEFENDANT RIOS and DOES 1-10 acted intentionally, recklessly and/or with deliberate indifference in their actions causing the death of Mr. MEDINA and that they engaged in conduct which shocks the conscience and are therefore individually liable under Section 1983.

75.     As a result of their conduct, Defendants are liable for Mr. MEDINA's injuries.  The individual Defendants are liable either because they were integral participants in the interference with the parent-child relationship, or because they failed to intervene to prevent these violations.  As alleged herein, DEFENDANT CITY is liable pursuant to *Monell* because:  (1) it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. MEDINA's rights; and/or (2) it ratified the actions of the individual Defendants by finding that their actions leading to the death of Mr. MEDINA were in conformity with the CCPD's policy and by failing to discipline the involved officers.  As a result of Defendants' actions, PLAINTIFFS were deprived of the life-long love, companionship, support, society, care, services, advice, and sustenance of Mr. MEDINA, and they will continue to be so deprived for the remainder of their lives.

76.     As a direct and legal result of Defendants' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, emotional distress;

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

1 funeral and burial expenses and other pecuniary losses; as well as the loss of Mr.

2 MEDINA's love, affection, society, support and companionship.

3     77.    PLAINTIFFS are informed and believe and thereon allege that the

4 acts of DEFENDANTS RIOS and DOES 1-10 were willful, malicious, intentional,

5 reckless and/or were performed in willful and conscious disregard of Mr.

6 MEDINA's rights, justifying the awarding of punitive and exemplary damages

7 against the individual Defendants in an amount to be determined at the time of trial.

8     78.    PLAINTIFFS bring this claim in their individual capacity and seek all

9 damages and other remedies available to them under federal law.

10     79.    PLAINTIFFS seek attorney fees under this claim pursuant to 42

11 U.S.C. Section 1988.

## FOURTH CAUSE OF ACTION

### Deprivation of Life Without Due Process (42 U.S.C. § 1983)

### (Plaintiffs as Successors in Interest Against All Defendants)

15     80.    PLAINTIFFS repeat and re-allege each and every allegation in this

16 Complaint with the same force and effect as if fully set forth herein.

17     81.    Mr. MEDINA enjoyed cognizable interests under the Substantive Due

18 Process Clause of the Fourth and Fourteenth Amendments of the United States

19 Constitution to be free from state actions that deprive him of life, liberty or property

20 in such a manner as to shock the conscience.

21     82.    DEFENDANT RIOS shot MR. MEDINA in his back while he was

22 running away from the officers thereby depriving him of his life without due process

23 of law.  DEFENDANT  RIOS' actions also caused MR. MEDINA extreme pain

24 and suffering, loss of life, earning capacity and his relationship with his family, and

25 friends.

26     83.    DEFENDANT RIOS' actions, along with the conduct of his fellow

27 police officers, DOES 1-10, in responding to PLAINTIFF ADRIANA CHRISTINE

28 MEDINA's pleas that they *help* Mr. MEDINA—her husband and the father of her

16
**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*          V. James DeSimone, Esq.
Case No.:          Carmen D. Sabater, Esq.
          Emily C. Barbour, Esq.

children—shocked the conscience.   DEFENDANTS acted with deliberate indifference to Mr. MEDINA's constitutional rights, and with the purpose to harm unrelated to any legitimate law enforcement objective.

84.   As a legal result of their conduct, DEFENDANT RIOS and DEFENDANTS DOES 1-10 are liable to PLAINTIFFS, as successors in interest to Mr. MEDINA, because they deprived Mr. MEDINA of his right to life without due process of law.   DEFENDANT  RIOS and DEFENDANTS DOES 1-10 were integral participants in the deprivation of life without due process and/or failed to intervene to prevent this infringement of Mr. MEDINA's constitutional rights.

85.   This claim against DEFENDANT CITY, DEFENDANT CID, DEFENDANTRIOS, and DEFENDANT DOES 1-10 is based upon PLAINTIFFS' allegations that CITY's policies, practices or customs were a cause of Mr. MEDINA's loss of life as set forth above.

86.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. MEDINA's love, affection, society, support, and companionship.

87.   PLAINTIFFS are informed and believe and thereon allege that the acts of DEFENDANT  RIOS and DEFENDANTS DOES 1-10 were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of Mr. MEDINA's rights, welfare, and safety, justifying the awarding of punitive and exemplary damages (except DEFENDANT CITY) in an amount to be determined at time of trial.

88.   PLAINTIFFS also seek attorneys' fees under this claim.

///

///

---

**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                         Carmen D. Sabater, Esq.
                                                                  Emily C. Barbour, Esq.

## FIFTH CAUSE OF ACTION

### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
### (Plaintiffs Against Defendant Culver City)

89.     PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

90.

Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), DEFENDANT CITY is liable for all injuries sustained by PLAINTIFFS as set forth herein.  DEFENDANT CITY bears liability because its policies, practices and/or customers were a cause of and moving force for MR. MEDINA's death and PLAINTIFFS' injuries, and/or because DEFENDANT CITY ratified the unlawful actions of its employees that caused Mr. MEDINA's death.  DEFENDANT CITY and its officials maintained or permitted one or more of the following policies, customs or practices which displayed deliberate indifference to the constitutional rights of persons such as Mr. MEDINA and were a direct cause of PLAINTIFFS' damages:

a.     Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b.     Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force, arrest, and detention—particularly, but not exclusively when interacting with citizens clearly displaying signs of a mental episode, mental disability, mental illness and/or mental instability;

c.     Failure to provide adequate training and supervision on how to deescalate situations involving persons suffering from emotional or mental disturbances and/or persons under the influence;

d.     Failure to provide adequate training and supervision on how to identify signs of mental illness or disabilities in suspects and how to respond to such

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

persons without escalating the level of potential violence;

e.     Selection, retention, and assignation of officers—including DEFENDANT RIOS and DEFENDANTS DOES 1-10—with demonstrable propensities for excessive force, violence, dishonesty, abuse of authority, and other misconduct;

f.     Inadequate supervision, training, control, assignment, and discipline of CITY police officers and other personnel, including DEFENDANTRIOS and DEFENDANTS DOES 1-10, whom DEFENDANTS CHIEF CID, and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

g.     Adoption and maintenance of grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT RIOS and DEFENDANTS DOES 1-10, who are police officers and/or agents of CITY;

h.     Failure to meaningfully investigate and adequately discipline DEFENDANT RIOS and DEFENDANTS DOES 1-10 and/or other CCPD officers, including but not limited to, unreasonable, unnecessary use of deadly and excessive force;

i.     Ratification, at the highest levels of authority, of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of Mr. MEDINA;

j.     Adoption and maintenance of an unconstitutional policy, custom, and practice of the unreasonable, unnecessary, and excessive of use of deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DEFENDANT RIOS and DEFENDANTS DOES 1-10 were maintained with a deliberate indifference to individuals' safety and rights;

**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                                    V. James DeSimone, Esq.
Case No.:                                                                                    Carmen D. Sabater, Esq.
                                                                                                    Emily C. Barbour, Esq.

k.       Failure to properly investigate claims of unlawful killing of innocent citizens, and excessive force by CITY officers; and other CCPD officers; and

l.       Condonation and encouragement of officers in the belief that they can violate the rights of persons such as MR. MEDINA with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

91.     By reason of the aforementioned policies and practices of DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10, MR. MEDINA was severely injured and subjected to pain, suffering, and loss of his life.

92.     DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MR. MEDINA, PLAINTIFFS, and other individuals similarly situated.

93.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY, CHIEF CID, RIOS, and DOES 1-10 acted with intentional, reckless, and callous disregard for the life of MR. MEDINA and for MR. MEDINA's and PLAINTIFFS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of MR. MEDINA and PLAINTIFFS.

94.     The actions of DEFENDANT  RIOS and each of DEFENDANTS DOES 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT RIOS and DEFENDANTS DOES 1-10 and any other individual as allowed by law.

95.     By reason of the aforementioned acts and omissions of DEFENDANT CITY, CHIEF CID, RIOS, and DOES 1-10, PLAINTIFFS have suffered loss of love, companionship, affection, comfort, care, society, and they will continue to be so deprived for the remainder of their lives.

96.     Accordingly, DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10, each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

97.     PLAINTIFFS also seek attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Discrimination On The Basis Of Disability (42 U.S.C. § 12132)

### (Plaintiffs as Successors in Interest Against All Defendants)

98.     PLAINTIFFS repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

99.     At and around the time of the shooting, Mr. MEDINA was suffering from a "disability" within the meaning and scope of 42 U.S.C. § 12102, as his mental illness and/or mental health crisis substantially limited his ability to participate and engage in major life activities. In particular, PLAINTIFFS are informed and believe and thereon allege that Mr. MEDINA was suffering from a mental illness or disability (such as bi-polar disorder, schizophrenia or other mental or medical condition) which interfered with his ability to interact with others and/or his perception of events. Accordingly, Mr. MEDINA was a member of the class of persons protected by 42 U.S.C. § 12132, which makes it unlawful for a public entity to discriminate against an individual with a disability or to deny the benefits of the services, programs or activities of a public entity to a person with a disability.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                         Carmen D. Sabater, Esq.
                                                                  Emily C. Barbour, Esq.

100.   DEFENDANT CULVER CITY is a public entity within the meaning of 42 U.S.C. § 12131.  Accordingly, DEFENDANT CITY is required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability."  28 C.F.R. § 35.130(b)(7).

101.   As alleged herein, DEFENDANTS RIOS and DOES 1-10, acting in the course and scope of their employment as peace officers for THE CITY, discriminated against Mr. MEDINA by, among other things, their failure to provide reasonable accommodations for his disability during their encounter with Mr. MEDINA on December 18, 2022. DEFENDANT CITY is vicariously liable for the acts and omissions of its employees, including DEFENDANTS RIOS and DOES 1-10.

102.   PLAINTIFFS are informed and believe and thereon allege that the defendant peace officers either knew—because PLAINTIFF ADRIANA CHRISTINE MEDINA repeatedly told DEFENDANT DOE 1—or should have known that Mr. MEDINA was suffering from a mental disability or acted with deliberate indifference to the fact that Mr. MEDINA appeared to be suffering from a mental disability.

103.   As providers of governmental services, DEFENDANT CITY had a duty to comply with the Title II of the ADA prohibiting discrimination against persons with disabilities, a history of having disabilities or who are perceived to have a disability.  As of the date of his death, Mr. MEDINA met all three prongs of eligibility for application of the ADA.

104.   Moreover, DEFENDANT CITY failed to train, supervise, and/or discipline its employees and peace officers in recognizing symptoms of disability under Title II of the Americans with Disabilities Act, thereby excluding qualified individuals, such as Mr. MEDINA, from participating in or denying benefits and services provided by DEFENDANT CITY, including peace officers' interactions

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*          V. James DeSimone, Esq.
Case No.:                                                Carmen D. Sabater, Esq.
                                                         Emily C. Barbour, Esq.

with and arrests of persons; or otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities Act, resulting in the untimely death of Mr. MEDINA.

105.  Under the ADA, police agencies such as the CCPD and their employees, may not discriminate against persons with actual or perceived mental disabilities and have a duty to provide reasonable accommodations to persons with mental disabilities. Accordingly, when encountering persons with obvious mental disabilities or mental illness, police officers may need to modify their behavior to accommodate for the disability. For example, while it may be appropriate to use loud and firm commands towards a subject who does not suffer from a mental disability, using such tactics towards a subject who is suffering a mental health crisis will likely be perceived as being aggressive and will escalate the subject's mental health crisis.  Therefore, under the ADA, the CCPD officers were required to make reasonable accommodations for Mr. MEDINA's mental condition and use different tactical approaches than what would be appropriate for a subject who was not mentally disabled.

106.  At the time of the incident, DEFENDANTS RIOS and DOES 1-10, as CCPD employees, knew or should have known MR. MEDINA was experiencing a mental health crisis resulting in disability or acted with deliberate indifference regarding his mental condition.  Further, the defendant officers involved in this incident were aware, or should have been aware, of MR. MEDINA's disability and the symptoms and manifestations of his disability, and yet they improperly engaged with  MR. MEDINA, further exacerbating his mental health crisis and creating an unnecessary altercation with MR. MEDINA.

107.  Defendants failed to take the first step of reasonably accommodating Mr. MEDINA by initially determining that Mr. MEDINA was mentally ill and/or experiencing a mental health crisis. The objective of this step is to avoid unnecessary injury and or death. Therefore, the officers should deploy tactics to

calm and de-escalate the situation, including using a calm and professional tone and trying to gain the trust of the subject. These correct and reasonable methods and accommodations include but are not limited to: recognize cues and other indicators in order to make appropriate decisions regarding intervention strategies, time to assess the situation, calm the situation, determine whether the individual is taking medication, ask the person if he or she is hearing voices, request additional backup and equipment, keep sentences short, not threaten the individual with arrest or in any other manner, provide reassurance that the officers are there to help, give the person time to calm down, move slowly, respect personal space and maintain distance, eliminate emergency lights and reduce environmental distractions. PLAINTIFFS are informed and believe and thereon allege that DEFENDANT OFFICERS failed to employ the foregoing methods to reasonably accommodate Mr. MEDINA and instead engaged in tactics which escalated his mental health crisis.

108.    In addition, these employees of the CCPD failed to provide reasonable accommodations during their encounter with Mr. MEDINA by failing to, without limitation: establish and/or utilize inter-departmental protocols when evaluating whether he, as a mental health suspect, was a danger to himself or others; follow inter-departmental and industry-wide accepted protocols when encountering mentally unstable suspects; and utilize inter-departmental protocols that were specifically created to inform officers how to handle encounters with mentally-ill persons.  PLAINTIFFS are informed and believe and thereon allege that the failure to provide such accommodations for Mr. MEDINA's mental disability caused the situation to escalate unnecessarily and was a direct cause of PLAINTIFFS' damages.

///

///

///

**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

109.   PLAINTIFFS are informed and believe and thereon allege that had the DEFENDANT OFFICERS acted reasonably and provided reasonable accommodations for Mr. MEDINA's mental disability that the situation could have been de-escalated and that Mr. MEDINA could have been taken into custody without serious injury and provided with needed medical and mental health care. PLAINTIFFS are further informed and believe and thereon allege that in failing to provide reasonable accommodations, the DEFENDANT OFFICERS acted unreasonably and with deliberate indifference to the need for such accommodations.

110.   The aforementioned conduct of these CCPD employees, in failing to make reasonable accommodations for Mr. MEDINA, denied him the benefits of DEFENDANT CITY's programs and activities, and/or discriminated against Mr. MEDINA by reason of his recognized disability.

111.   PLAINTIFFS are informed and believe and thereon allege that the CCPD has consistently failed to provide reasonable accommodations to persons suffering from mental disabilities and has discriminated against such persons by denying them the full benefits of CITY programs and activities.  The conduct of the CCPD towards Mr. MEDINA, who was clearly suffering from a mental disability, is consistent with the CCPD's conduct on other occasions in which excessive force was used against persons with mental disabilities. Under the ADA, the CCPD is required to take reasonable steps to accommodate persons with mental disabilities, including using tactics to de-escalate situations. However, the CCPD and the named defendants violated the ADA in their excessive and unreasonable actions towards Mr. MEDINA.

112.   As a direct and proximate result of the DEFENDANTS' violations as set forth above, Mr. MEDINA incurred substantial emotional and physical harm, including death.

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

113.   By the aforesaid acts and omissions of Defendants, PLAINTIFFS, individually and/or as the decedent's successors in interest, have been directly and legally caused to suffer actual damages in the amount of past, present and/or future wage loss, income and support, medical expenses, pain and suffering, emotional distress, loss of life and the enjoyment of life, and other pecuniary loss.

114.   As a result of Defendants' conduct as alleged herein, PLAINTIFFS are entitled to compensatory and reasonable attorneys' fees, as well as all statutory damages provided for by the Americans with Disabilities Act.

## SEVENTH CAUSE OF ACTION

### Violation of Bane Act (Cal. Civil Code § 52.1)

### (Plaintiffs As Successors in Interest Against All Defendants)

115.   PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

116.   As alleged herein, DEFENDANTS interfered by threats, intimidation, coercion, or actual violence with MR. MEDINA's rights under state and federal laws and under the state and federal Constitution.  These rights include, without limitation, Mr. MEDINA's rights under:  California Civil Code Sections 43, 52, and 54; California Penal Code Sections 149, 240  242, and 835a; the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; the Americans with Disabilities Act; and Article 1, Sections 1, 7 and/or 13 of the California Constitution.  Among these rights are the right to be free from excessive force, the right not to be deprived of life or liberty without due process of law, the right to adequate medical care when in the custody of the state, the right to bodily integrity, and the right to accommodations to access public services under the Americans with Disabilities Act.

117.   Defendants acted intentionally and with reckless disregard for Mr. MEDINA's rights, repeatedly and unnecessarily shooting him in the back as he fled on foot.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

118.   As a direct and legal result of Defendants' acts and omissions, PLAINTIFFS, as Mr. MEDINA's successors in interest and/or heirs, suffered damages and therefore seek all damages, including actual, compensatory and statutory damages, which are recoverable pursuant to Civil Code Section 52.1 and any other applicable statutes.

119.   PLAINTIFFS are informed and believe and thereon allege that the aforementioned acts of the individual Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFFS and/or Mr. MEDINA, thereby justifying the awarding of punitive and exemplary damages against the individual (non-government entity) defendants in an amount to be determined at time of trial.

120.   PLAINTIFFS seek an award of reasonable attorneys' fees pursuant to Civil Code Section 52.1.

## EIGHTH CAUSE OF ACTION

### Wrongful Death (Cal. Civ. Proc. Code § 377.60)

### (All Plaintiffs Individually Against All Defendants)

121.    PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

122.   As the heirs of the decedent, Mr. MEDINA, PLAINTIFFS assert a wrongful death cause of action against all DEFENDANTS pursuant to CCP §§ 377.60 et seq.  This claim is based upon the allegations that Defendants' negligent and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. MEDINA's death and the resulting damages to Plaintiffs.

123.   DEFENDANT  RIOS killed MR. MEDINA despite the absence of an imminent threat of death or physical injury to him or others.  MR. MEDINA was unarmed and posed no threat to the officer's safety or to the safety of others.

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                            Carmen D. Sabater, Esq.
                                                                      Emily C. Barbour, Esq.

124.   DEFENDANTS' intentional, negligent, reckless and wrongful acts and omissions were the direct and legal cause of MR. MEDINA's death and the resulting damages to PLAINTIFFS.  As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

125.    The civil rights violations alleged herein, as well as DEFENDANTS' other tortious acts and omissions, and negligence under California Civil Code Section 1714 form the basis for this cause of action.  PLAINTIFFS will amend this cause of action if and when DEFENDANT CITY denies PLAINTIFFS' recently filed Government Tort Claim.

126.   PLAINTIFFS are informed and believe and thereon allege that the acts of DEFENDANT  RIOS and DEFENDANTS DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of PLAINTIFFS' rights, welfare and safety and those of their father, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

127.    As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, the loss of financial support and benefits, loss of enjoyment of life, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained, the loss of Mr. MEDINA's love, affection, society, and companionship.

128.   PLAINTIFFS seek wrongful death damages and all other damages and remedies available under state law.

///

///

///

**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

## NINTH CAUSE OF ACTION

### Assault and Battery

### (Plaintiffs as Successors in Interest Against All Defendants)

129.   PLAINTIFFS repeat and re-allege each and every allegation in the paragraphs of this Complaint with the same force and effect as if fully set forth herein.

130.   DEFENDANTS RIOS and DOES 1-10 and/or other employees of the CCPD, while acting within the course and scope of their employment and duties, intentionally used excessive force against Mr. MEDINA, including repeatedly firing lethal rounds at and into his body, resulting in his death.

131.   DEFENDANTS RIOS and DOES 1-10's repeated application of deadly force against Mr. MEDINA, to which he did not consent and which led him to fear for his life and safety, were acts of assault and battery.  Mr. MEDINA sustained multiple gunshot wounds to the torso as a result of the assault and battery of DEFENDANTS RIOS and DOES 1-10, and he died from these wounds.

132.   DEFENDANTS RIOS and DOES 1-10 and/or other employees of the CCPD, who committed battery against Mr. MEDINA are liable to PLAINTIFFS pursuant to Government Code Section 820 and CCP Section 377.20 and 377.60, among other statutes.  Moreover, DEFENDANT CITY is liable to PLAINTIFFS pursuant to Government Code Section 815.2 and CCP Section 377.20 and 377.60, among other statutes, for the acts of its employees in committing battery against Mr. MEDINA.

133.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries, emotional distress, medical expenses, funeral and burial expenses, attorneys fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. MEDINA's love, affection, society, support and companionship.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

134.   PLAINTIFFS are informed and believes and thereon allege that the acts of DEFENDANT   RIOS and DEFENDANTS DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of MR. MEDINA, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

135.   As a result of their conduct, DEFENDANTS are liable for MR. MEDINA's injuries, either because they were integral participants in the acts of assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

136.   PLAINTIFFS seek both survival and wrongful death damages under state law.

## TENTH CAUSE OF ACTION

### Negligence, Including Negligent Training and Supervision

### (Plaintiffs as Successors in Interest Against All Defendants)

137.   PLAINTIFFS repeat and re-allege each and every allegation in the paragraphs of this Complaint with the same force and effect as if fully set forth herein.

138.   Defendants owed a duty of care to Mr. MEDINA in the exercise of their law enforcement duties and were required to use reasonable diligence to ensure that Mr. MEDINA was not harmed by Defendants' acts or omissions.  Defendants' actions and omissions with respect to Mr. MEDINA breached this duty of care and were negligent and reckless.  These negligent and reckless actions include, but are not limited to:

a.   Defendants' failure to properly assess the need to use force against Mr. MEDINA;

b.   Defendants' failure to prevent the use of unreasonable force, including deadly force, against Mr. MEDINA;

**COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

c.      Defendants' negligent pre-shooting tactics, negligent tactics related to the use of force, and negligent handling of the situation with Mr. MEDINA, including conduct that falls below the professional standard of care for peace officer interactions with mentally ill and/or disabled persons, which unnecessarily escalated the situation and caused the death of Mr. MEDINA;

d.      Defendants' negligent and/or unreasonable uses of force against Mr. MEDINA;

e.      Defendants' failure to properly assess, provide, and/or summon immediate medical care for Mr. MEDINA;

f.      Defendants' failure to comply with Penal Code 835a—which requires officers to only use deadly force when necessary—so as to constitute negligence per se;

g.      The failure of supervisory employees of the CCPD, including DOES 9-10, to properly train, supervise and discipline employees, including DEFENDANTS RIOS and DOES 1-10, regarding the use of force, pre-shooting tactics, encounters with mentally disabled persons, recognizing persons with mental illness, and responding to suspects with knives;

h.      The negligent hiring, retention and assignment of the CCPD peace officers, including the employees involved in this incident, by supervisory employees of DEFENDANT CITY, including DOES 9-10 and DEFENDANT MANUEL CID.

139.   DEFENDANTS RIOS and DOES 1-10, and/or other employees of the CCPD, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting and use of force-related police tactics in dealing with Mr. MEDINA.  Consequently, PLAINTIFFS allege that their negligent acts and omissions were a direct cause of Mr. MEDINA's death.

140.   DEFENDANTS RIOS and DOES 1-10 and others whose negligent acts and omissions were a proximate cause of Mr. MEDINA's death are liable to

**COMPLAINT FOR DAMAGES**

PLAINTIFFS pursuant to Government Code Section 820 and CCP Sections 377.20 and 377.60, among other statutes.  Moreover, DEFENDANT CITY is liable to PLAINTIFFS pursuant to Government Code Section 815.2 and CCP Sections 377.20 and 377.60, among other statutes, for the negligent acts and omissions of its employees, which were a direct and proximate cause of Mr. MEDINA's death.

141.   Further, DEFENDANT CITY is also vicariously liable for the acts and omissions of its supervisory employees based on their negligent failure to properly train and supervise the employees involved in this incident as alleged herein pursuant to California Government Code Section 815.2 and other statutes.

142.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries, emotional distress, medical expenses, funeral and burial expenses, attorneys fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. MEDINA's love, affection, society, support and companionship.

143.   PLAINTIFFS are informed and believes and thereon allege that the acts of DEFENDANT  RIOS and DEFENDANTS DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of MR. MEDINA, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

144.   As a result of their conduct, DEFENDANTS are liable for MR. MEDINA's injuries, either because they were integral participants in the acts of assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

145.   PLAINTIFFS seek both survival and wrongful death damages under state law.

///

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.:

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

## ELEVENTH CAUSE OF ACTION

### Loss of Consortium

### (Plaintiff Adriana Christine Medina Against All Defendants)

146.   PLAINTIFF ADRIANA CHRISTINE MEDINA repeats and re-alleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

147.   PLAINTIFF ADRIANA CHRISTINE MEDINA and deceased MR. MEDINA were lawfully married at all times relevant to this action and were husband and wife at the time of Mr. MEDINA's death.

148.   As alleged above, and as a result of the conduct of the DEFENDANTS, DEFENDANTS RIOS and DOES 1-10 repeatedly and unnecessarily shot MR. MEDINA in the back as he fled, causing his death.

149.   As a direct and proximate result of DEFENDANTS killing Mr. MEDINA, PLAINTIFF ADRIANA CHRISTINE MEDINA has been deprived, continues to be deprived, and will be deprived in the future, of her spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for the remainder of her life. Said deprivation has caused, continues to cause, and will cause PLAINTIFF ADRIANA CHRISTINE MEDINA to suffer depression, emotional distress, physical injuries and sickness, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained, but which will be stated according to proof at trial.

150.   PLAINTIFF ADRIANA CHRISTINE MEDINA is informed and believes and thereon alleges that the acts of DEFENDANT   RIOS and DEFENDANT DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. MEDINA, thereby justifying the awarding of punitive and exemplary damages (against individual defendants only) in an amount to be determined at time of trial.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

151.   PLAINTIFF ADRIANA CHRISTINE MEDINA seeks all damages recoverable under this claim.

### **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS and each of them, and for damage as to each of the actions as applicable, as follows:

1) For General Damages according to proof;

2) For Special Damages according to proof;

3) For Punitive Damages as provided by law, in an amount to be proved against each individual DEFENDANTS (not including CULVER CITY);

4) For Attorneys' Fees and costs of suit;

5) For such other and further relief as the Court may deem proper;

6) For such other and further relief as the Court may deem just, proper, and appropriate.

Date: January 31, 2023                    **V. JAMES DESIMONE LAW**

By: _____

V. JAMES DESIMONE, ESQ.
CARMEN SABATER, ESQ.
EMILY C. BARBOUR, ESQ.

Attorneys for PLAINTIFFS,
ADRIANA CHRISTINE
MEDINA, VICTORIA LYNN
SILVA, J.G.M., and A.G.S.

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.:                                                          Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.

1

## DEMAND FOR JURY TRIAL

2

3      PLAINTIFF hereby demands a trial by jury.

4

5   Date: January 31, 2023                    **V. JAMES DESIMONE LAW**

6

7

8                                        By: _____

9                                            V. JAMES DESIMONE, ESQ.

10                                           CARMEN SABATER, ESQ.
                                             EMILY C. BARBOUR, ESQ.

11

12                                           Attorneys for PLAINTIFFS,
                                             ADRIANA CHRISTINE

13                                           MEDINA, VICTORIA LYNN
                                             SILVA, J.G.M., and A.G.S.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                V. James DeSimone, Esq.
Case No.:                                                       Carmen D. Sabater, Esq.
                                                                Emily C. Barbour, Esq.