V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater   (SBN: 303546)
cds820@gmail.com
Emily C. Barbour (SBN: 337185) Of-Counsel
ebarbour@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way Suite 280
Marina Del Rey, California 90292
Telephone: (310) 693-5561
VJD000142@bohmlaw.com

Attorneys for Plaintiffs,
ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S., individually and as successors in interest to GUILLERMO MEDINA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S., by and through their, Guardian Ad Litem ADRIANA CHRISTINE MEDINA, individually and as successors in interest to GUILLERMO MEDINA;<br><br>　　　PLAINTIFFS,<br><br>　　　v.<br><br>CITY OF CULVER CITY; OFFICER ADAM RIOS; POLICE CHIEF MANUEL CID; in his individual, and official capacity and DOES 1-10 inclusive,<br><br>　　　DEFENDANTS. | Case No.: 2:23-cv-00704-ODW-AS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>1. Unreasonable Use of Deadly Force (42 U.S.C. § 1983)<br>2. Denial of Adequate Medical Care (42 U.S.C. § 1983)<br>3. Interference With Familial Relationship (42 U.S.C. § 1983)<br>4. Deprivation of Life Without Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Discrimination on Basis of Disability (42 U.S.C. § 12132)<br>7. Violation of Bane Act (Cal. Civil Code § 52.1)<br>8. Wrongful Death (C.C.P. § 377.60)<br>9. Assault and Battery<br>10. Negligence<br>11. Loss of Consortium<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S. allege as follows:

## INTRODUCTION

1.     This case arises from the unjustified shooting and killing of GUILLERMO MEDINA ("Mr. MEDINA").  On or about December 18, 2022, the Culver City Police Department ("CCPD") shot Mr. MEDINA multiple times in the back while he fled on foot.  At the time he was killed, Mr. MEDINA was unarmed and did not pose a threat to anyone.  The killing was completely unjustified and contrary to well-established law and the long-standing law enforcement tenet that police officers cannot shoot a man in the back merely because he is running away.

2.     Mr. MEDINA had a history of mental illness and was having a mental health crisis, for which his wife requested assistance.  Instead of helping Mrs. Medina, however, CCPD shot and killed Mr. MEDINA.

3.     DEFENDANT ADAM RIOS ("DEFENDANT RIOS"), an employee of the Culver City Police Department ("CCPD") and the City of Culver City ("Culver City" or "City"), shot MR. MEDINA repeatedly in the torso as Mr. MEDINA fled—at a light jog—on foot.  The County of Los Angeles Department of Medical Examiner-Coroner ruled the death a Homicide and determined that the cause of death was multiple gunshot wounds.

4.     DEFENDANT CITY directly and proximately caused MR. MEDINA's death and PLAINTIFFS' injuries, are liable under state and federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5.     DEFENDANT CITY's policies and customs of engaging in the use of excessive force, including the unnecessary and unreasonable shooting of civilians such as MR. MEDINA, are fundamentally unconstitutional and constitute a menace to the public.

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*          V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS          Carmen D. Sabater, Esq.
          Emily C. Barbour, Esq.

## JURISDICTION

6.    This case arises under 42 U.S.C. § 1983, the United States Constitution, and California law.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) in that the unlawful actions challenged herein occurred in the Central District and Defendants reside in the Central District.

## PARTIES AND THEIR AGENTS

8.    PLAINTIFFS, ADRIANA CHRISTINE MEDINA, the wife of deceased Mr. MEDINA, VICTORIA LYNN SILVA, daughter of deceased, J.G.M., and A.G.S., minor sons of deceased, by and through their Guardian ad litem ADRIANA CHRISTINE MEDINA, bring this action individually and as heirs and/or successors in interest to their husband and father, Mr. MEDINA, who died intestate.  PLAINTIFFS lived with Mr. MEDINA and were dependent upon him for financial and material support and relied on his support for the necessities of life.

9.    PLAINTIFFS assert all survival claims and rights under California law that survive Mr. MEDINA's death pursuant to California Code of Civil Procedure ("CCP") §§ 377.20 et *seq.*; all wrongful death claims pursuant to CCP §§ 377.60 *et seq.*; and any survival and individual claims they may bring under 42 U.S.C. § 1983 and federal law.

10.    PLAINTIFF ADRIANA CHRISTINE MEDINA, the wife of deceased was a resident of the County of Los Angeles, California.  Mrs. Medina is both an heir of Mr. MEDINA and one of Mr. MEDINA's successors in interest.

11.    At all times mentioned in this Complaint, PLAINTIFF VICTORIA LYNN SILVA, the daughter of Mr. MEDINA, was a resident of the County of Los Angeles, California. Ms. Silva is both an heir of Mr. MEDINA and one of Mr. MEDINA's successors in interest.

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                              V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                         Carmen D. Sabater, Esq.
                                                                                    Emily C. Barbour, Esq.

12.     At all times mentioned in this Complaint, PLAINTIFFS J.G.M., and A.G.S., the minor sons of Mr. MEDINA, were residents of the County of Los Angeles, California. J.G.M. and A.G.S. are heirs of Mr. MEDINA and two of Mr. MEDINA's successors in interest.

13.     PLAINTIFFS are informed and believe and based thereon allege that at all relevant times Defendant City of Culver City was a municipality duly organized under the laws of the State of California.  Liability under California law for Defendant City and its employees, including the individually and fictitiously named defendants, is based in whole or in part upon the following statutes, among others: California Government Code §§ 815.2 and 820; Penal Code §§ 149, 240, and/or 242; and/or Civil Code §§ 43, 51, 51.7, 52.1, 1708, and/or 1714.  Liability under federal law for all government-entity employees is based upon 42 U.S.C. § 1983.  Defendant City is also liable under federal law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

14.     DEFENDANT MANUEL CID was, at all times relevant to this action, the CCPD police chief and a policymaker for his department.  He is sued in both his individual and official capacities.

15.     At all relevant times, DEFENDANT RIOS and DEFENDANTS UNKNOWN DOE OFFICERS 1-10 were members of the Culver City Police Department, a departmental branch of DEFENDANT CITY (or were otherwise employed as peace officers) and were duly authorized employees of the CITY, acting under color of law within the course and scope of their respective duties as peace officers and with the complete authority and ratification of the DEFENDANT CITY.

16.     At all relevant times, DEFENDANT DOE OFFICERS 1-10 are unknown to PLAINTIFFS, who will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible for some part of the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                      V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                          Carmen D. Sabater, Esq.
                                                                            Emily C. Barbour, Esq.

conduct and liabilities alleged herein.  Each Doe Defendant is being sued in both his individual and official capacities.

17.     PLAINTIFFS are informed and believe and based thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority.  Additionally, the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

18.     All non-municipal, individual defendants are sued in both their individual and official capacities.  All non-municipal, individual defendants acted, or failed to act, in the face of an obligation to do otherwise and did so maliciously and/or with reckless disregard for PLAINTIFFS' rights and thus are liable for compensatory and punitive damages.

19.     On January 24, 2023, PLAINTIFFS timely filed a government claim with DEFENDANT CULVER CITY.  Consistent with the requirements of the California Government Claims Act, PLAINTIFFS will amend this civil complaint if and when that government claim is rejected by THE CITY.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

20.     On or around December 18, 2022, at approximately 1:00 a.m., Culver City Police Department, (hereinafter "CCPD"), received a call from PLAINTIFF ADRIANA CHRISTINE MEDINA that her husband MR. MEDINA was banging on the windows and was experiencing a mental health crisis.  MR. MEDINA had previously been diagnosed with paranoid schizophrenia and depressive disorder.

21.     When DEFENDANT RIOS and DEFENDANTS DOE OFFICERS 1-10 responded, yelling at MR. MEDINA with their guns drawn, their confrontational approach to MR. MEDINA's disability-induced behavior made the situation worse. MR. MEDINA fled the scene and a pursuit ensued.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
*Case No.: 2:23-cv-00704-ODW-AS*                          Carmen D. Sabater, Esq.
                                                          Emily C. Barbour, Esq.

22.     During the pursuit, DEFENDANT OFFICER DOE 1 arrived at the family residence and advised PLAINTIFF ADRIANA MEDINA that he would remain with her and the children until the incident came to a conclusion.

23.     During the pursuit, MRS. MEDINA repeatedly pleaded with the DEFENDANT DOE 1 to get on the radio and tell DEFENDANT RIOS and the other DEFENDANTS DOE OFFICERS 2-10 that MR. MEDINA needed help because he had been diagnosed with paranoid schizophrenia and appeared to be having a mental health crisis.

24.     Once the pursuit ended, an unarmed MR. MEDINA exited his vehicle and fled—at a light jog—northbound on Cardiff Avenue.  CCPD officers were able to identify that Mr. MEDINA had a cellphone in his hands—not a weapon. Nevertheless, as MR. MEDINA continued jogging away from the officers, DEFENDANT RIOS shot Mr. MEDINA in the back multiple times, causing Mr. MEDINA to fall to the ground.

25.     DEFENDANTS RIOS and DOES 1-10 knew that Mr. MEDINA had been shot, but they delayed summoning medical care.  Mr. MEDINA's legs never moved after he fell, but he was alive when he hit the ground, as he rolled over to his back and stretched out his arms to his side.  Instead of getting on their radios to request an ambulance at that point, DEFENDANTS RIOS and DOES 1-10 ordered Mr. MEDINA, who was bleeding out on the pavement, to both put his "hands up" and "don't move."

26.     DEFENDANTS RIOS and DOES 1-10 then watched Mr. MEDINA bleed out on the pavement for nearly a full minute before they made physical contact with him.  Finally, DEFENDANTS RIOS and DOES 1-10 began placing Mr. MEDINA under arrest at gunpoint—rather than providing medical care.

27.     DEFENDANTS RIOS and DOES 1-10 intentionally delayed providing any medical care until it was too late.  During MR. MEDINA's last moments, DEFENDANT RIOS and DEFENDANTS UNKNOWN DOE

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                          V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                              Carmen D. Sabater, Esq.
                                                                                          Emily C. Barbour, Esq.

1  OFFICERS 1-10 failed to provide or acquire timely medical care or resuscitative

2  efforts.  Mr. MEDINA ultimately died in the same spot where he fell.

3       28.    The County of Los Angeles Department of Medical Examiner-Coroner

4  ruled MR. MEDINA's death to be a Homicide and that the cause of death was

5  multiple gunshot wounds.

6       29.    The unarmed MR. MEDINA did not pose a threat to DEFENDANT

7  RIOS or others.  Mr. MEDINA was slowly running away from DEFENDANT

8  RIOS and DEFENDANT DOES 1-10 when he was shot and killed by

9  DEFENDANT RIOS.

10       30.    Plaintiffs are informed and believe and thereon allege that employees

11  of the DEFENDANT CULVER CITY used negligent and improper tactics during

12  their interaction with the decedent that were a direct and proximate cause of his

13  death.

14       31.    MR. MEDINA was experiencing a mental health crisis resulting from

15  his mental disability on December 18, 2022, and the CCPD officers, including

16  DEFENDANT RIOS and DOE OFFICERS 1-10, who responded failed to make

17  reasonable accommodations for his obvious mental disability and instead used

18  excessive force against him because of his disability.

19       32.    Indeed, the CCPD officers, including DEFENDANT RIOS and DOE

20  OFFICERS 1-10, who responded to the incident involving MR. MEDINA had been

21  informed that he was suffering from a mental illness or disability and should have

22  made reasonable accommodations for his mental disability.  Specifically, rather

23  than shooting to kill MR. MEDINA as he fled, Defendants were required to

24  accommodate MR. MEDINA by, *inter alia*, recognizing cues and other indicators

25  of MR. MEDINA's mental disability, calling a mental health police officer who

26  was trained to communicate with individuals in mental health crisis, and employing

27  a style of communication and de-escalation tactics that would have been likely to

28  obtain MR. MEDINA's compliance without the resort to deadly force.

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS    Carmen D. Sabater, Esq.
    Emily C. Barbour, Esq.

33.    But the CCPD officers, including DEFENDANT RIOS and DOE OFFICERS 1-10, who were on the scene of the shooting were negligently trained, retained, and/or supervised by DEFENDANT CITY and/or other employees of the CCPD, including supervisory employees DOES 9-10, in connection with policing individuals in mental health crisis and, consequently, these employees failed to use proper tactics in using force and in responding to a person with mental disabilities.

34.    DEFENDANT RIOS's decision to fatally shoot Mr. MEDINA not only caused MR. MEDINA's untimely death, it also violated state and federal laws, CCPD protocols and procedures, and Police Officer Standard Training mandates.

35.    DEFENDANT RIOS's use of lethal force was excessive and unreasonable under the circumstances, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, the California Constitution, California's civil rights laws, and California Penal Code 835a.

36.    At a minimum, DEFENDANT RIOS acted negligently when he fired two lethal bullets into Mr. MEDINA's back while he slowly fled on foot, and DEFENDANT RIOS was negligently hired, trained, supervised and retained by the CCPD given his record of excessive force.

37.    PLAINTIFFS seek full compensation for the wrongful death of MR. MEDINA, including all wrongful death and survival damages, pain and suffering, loss of earnings, loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

38.    PLAINTIFF ADRIANA MEDINA is also claiming loss of consortium.

39.    PLAINTIFFS also seek punitive damages, attorneys' fees, and costs against all individually named defendants.

40.    DEFENDANT RIOS' unlawful use of excessive force caused MR. MEDINA to suffer extreme pain and suffering, loss of enjoyment of life, earning capacity, his relationship with his family and friends, and his untimely death when

he was fatally shot and killed by DEFENDANT RIOS, who was acting under the color of law and as an employee of the CCPD. DEFENDANTS DOE OFFICERS 1-10, inclusive, integrally participated in or failed to intervene in the fatal shooting and killing of MR. MEDINA.

41.     Upon information and belief, after DEFENDANT RIOS shot MR. MEDINA, DEFENDANT RIOS and DEFENDANTS DOE OFFICERS 1-10 did not timely summon or provide medical care. The delay of medical care to MR. MEDINA caused him extreme physical and emotional pain and suffering and was a contributing cause of MR. MEDINA's death.

## ALLEGATIONS AGAINST THE CITY

42.     The Culver City Police Department has a long history of using and condoning excessive force, using lethal force instead of making accommodations for individuals in mental health crisis, and discriminating against Black and Latino men.

43.     For example, in 2010, CCPD officers shot and killed Lejoy Grissom when he was standing, unarmed, with his hands up. In 2013, a federal jury awarded $8.8 million to Mr. Grissom's children, but the Culver City Police Department did not meaningfully reform. Instead, in 2014, it promoted the officer responsible for shooting Mr. Grissom, and that officer was subsequently selected president of the Culver City Police Officers' Association.

44.     In 2017, CCPD officers conducted a traffic stop of a Black man, Terry Walton, who was passing through Culver City. During the traffic stop, one CCPD officer used a chokehold on Mr. Walton for approximately two minutes while the other officer repeatedly punched Mr. Walton—even after Mr. Walton started spasming uncontrollably from the chokehold. CCPD settled this lawsuit out of court.

45.     In 2018, CCPD officers unjustly stopped and questioned a Black Los Angeles Police Department Captain (Captain Darnell Davenport)—who had been

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                          Carmen D. Sabater, Esq.
                                                                                                          Emily C. Barbour, Esq.

seeing a movie in the area—solely because of his race.  Captain Davenport filed a government claim with the Culver City Police Department.

46.     In August 2020, CCPD officers shot a man, Jesse Van Loozen, who was wearing only his shirt and underwear and appeared to be having a mental health crisis.  Loozen had reportedly ruptured a water pipe and locked himself in a stairwell at the top of a parking garage, but both witnesses and police dispatchers informed the CCPD officers responding to the scene that Mr. Loozen was not threatening anyone.  Officers armed with "less lethal" 40mm munitions were present, but when Mr. Loozen exited the stairwell CCPD officers responded first with lethal force.  Rather than making an obvious attempt to attack the officers, Mr. Loozen appears in the Body Worn Video to be trying to run away from the officers when at least two different CCPD officers—without issuing a verbal command to Mr. Loozen— repeatedly fired *lethal* rounds at Mr. Loozen, killing him.  At least one of those officers shot Mr. Loozen in the back.

47.     A statistical analysis of the CCPD's juvenile arrests between 2017 and 2018 was published in the Culver City Crossroads in June 2020.  It showed that at least 91% of all of the juvenile arrests made by the CCPD during those two years were Black and Latino children.  The author noted that of the 4% of juveniles arrested during this period whose race was identified as "other," the children often had names that are common in the Black community, such as Marquis, Mohamed, and Malik.  The author pointed out that only 4% of the children arrested by the CCPD during this same period were white and only a single Asian child was arrested.

48.     Police Scorecard, the first nationwide public evaluation of policing in the United States, compared levels of police violence, accountability, racial bias, and other policing outcomes for Culver City Police Department against more than 16,000 other municipal and county law enforcement agencies throughout the United States.  It concluded that, for the period between 2016 and 2021, more than 70% of

the CCPD's arrests were of Black or Latinos, while only 31% of Culver City's population is Black and Latino.  Police Scorecard also observed that there were three killings by CCPD police between 2013-2021, which was a higher rate of police killings than 90% of the other 16,000 law enforcement agencies whose data was reviewed for that same period.  Perhaps more damningly, Police Scorecard observed that in 50% of the CCPD's police shootings between 2016-2021, the CCPD did not try to use non-deadly force before the shooting.  Against this backdrop, the CCPD sustained *zero* complaints of police discrimination and use of force filed by civilians—like Mr. Walton and LAPD Captain Davenport.

49.   Finally, California's Racial and Identity Profiling Advisory ("RIPA") Board Annual Report revealed that the significant disparities in the CCPD's policing continued for the last two years—when the CCPD was under the leadership of DEFENDANT CID.  RIPA's most recent report, which was issued earlier this year (2023), establishes that Black and Latino individuals are disproportionately stopped by the CCPD, searched by the CCPD, and subjected to violence by the CCPD.

50.   The City of Culver City and the CCPD, with deliberate indifference to the rights of those they police, has long maintained policies, practices, and procedures that encourage and tolerate officers' use of excessive force, including unnecessary *lethal* force.  These policies and practices include:

  a.  Disproportionately targeting Blacks and Latinos for stops, searches, and uses of force;

  b.  Failing to properly investigate and sustain civilian complaints of racially discriminatory policing;

  c.  Failing to properly discipline officers, and employ other forms of corrective action, in response to incidents of discriminatory policing;

  d.  Failing to implement reforms to address the CCPD's longstanding history of racially discriminatory policing;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*     V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS     Carmen D. Sabater, Esq.
                  Emily C. Barbour, Esq.

e.  Failing to train CCPD officers to attempt the use of non-deadly force before resorting to lethal force;

f.  Failing to adequately supervise CCPD officers to ensure that they attempt of the use of non-deadly force before resorting to lethal force;

g.  Failing to properly investigate and sustain civilian complaints of excessive or unnecessary uses of force;

h.  Failing to adequately discipline officers, and employ other forms of corrective action, in response to incidents of excessive force;

i.  Failing to train CCPD officers to accommodate a person's mental disability through their body language and communication styles—even when that person is in the middle of a mental health crisis;

j.  Failing to adequately supervise CCPD officers to ensure that they accommodate a suspect's mental or emotional disability during a confrontation;

k.  Failing to utilize mental health officers in response to mental health crisis calls;

l.  Failing to train CCPD officers to immediately call for an ambulance following the use of lethal force on a suspect and to focus on saving the suspect's life, rather than placing the suspect under arrest;

m. Failing to adequately supervise CCPD officers to ensure that they immediately call for an ambulance following the use of lethal force on a suspect and focus on saving the suspect's life, rather than placing the suspect under arrest;

n.  Failing to properly investigate and sustain civilian complaints that officers' failed to render, or delayed providing, medical aid;

o.  Failing to adequately discipline officers, and employ other forms of corrective action, in response to failures to render, or delays in providing, medical aid;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.: 2:23-cv-00704-ODW-AS

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

p. Encouraging, tolerating, and condoning excessive force by, *inter alia*, hiring, retaining, and promoting officers with records of excessive force; and, *inter alia*,

q. Engaging in procedures intended to *justify* officers' use of excessive force rather than *identify* and *remedy* officers' use of excessive force, by, for example, condoning officers' dishonest or exaggerated accounts of the threat that a particular person posed to the officers at the scene.

51. In sum, the CCPD's history of racially biased policing, including its disproportionate use of force against Blacks and Latinos, its repeated failure to attempt the use of non-deadly force before shooting, its failure to train officers on how to accommodate individuals who are in mental health crisis without first resorting to lethal force, and its failure to adequately investigate and sustain complaints alleging improper discrimination and use of force (and discipline the officers involved), establishes that the fatal shooting of Mr. MEDINA was caused by long-standing deficiencies in the CCPD's training and supervision of its officers.

52. Further, the CCPD hired DEFENDANT RIOS despite RIOS's known propensity for violent and discriminatory policing. In 2018, a federal lawsuit alleged that RIOS used excessive force, causing the victim to suffer a dislocated elbow. Although that lawsuit, *Caroll v. City of Torrance et al.*, CV 18-2799-MWF-AS, was brought by a *pro se* plaintiff, it was settled out of court by RIOS's previous employer—the Torrance Police Department. Accordingly, the CCPD's selection, retention, and assignation of RIOS, like its promotion of the officer responsible for killing Mr. Grissom in 2010, establishes that the CCPD has a policy or practice of selecting, retaining, assigning, and promoting officers with known and demonstrable propensities for excessive force, violence, and other forms of police misconduct.

\\\

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*        V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS        Carmen D. Sabater, Esq.
                                       Emily C. Barbour, Esq.

## ALLEGATIONS AGAINST DEFENDANT CID

53.    DEFENDANT CID was the CCPD's Chief for two and a half years before MR. MEDINA's death, having started in the position in or around June 2020—before the August 2020 death of Mr. Loozen at the hands of CCPD officers. In the years immediately prior to becoming Chief, DEFENDANT CID led the CCPD's Administrations Bureau and, before that, its Operations Bureau.

54.    DEFENDANT CID has stated that, as CCPD Chief, he had responsibility for making changes to CCPD's policies and procedures and for ensuring that the CCPD had "a progressive policing approach."

55.    As the chief of the CCPD, DEFENDANT CID:   (1) was the policymaker for his department; (2) failed to train his officers to eliminate racial biased policing; (3) failed to train his officers to make accommodations when dealing with a suspect with a mental disability and/or in mental health crisis; (4) failed to train his officers to attempt less lethal force before resorting to deadly force; (5) had actual or constructive knowledge of the CCPD's deficient policies, practices, and customs alleged in this pleading; (6) and repeatedly condoned, tolerated, and ratified these policies and the wrongful acts of his officers.

56.    DEFENDANT CID also participated in the Critical Incident Community Briefing video that the CCPD released about Mr. Loozen's August 2020 death, reviewing the body worn video of the officers involved in that shooting and justifying their use of deadly force.

57.    In sum, DEFENDANT CID had notice of, and the authority to change, the defects in CCPD policies and training that led to DEFENDANT RIOS and DOES 1-10 confronting MR. MEDINA in a manner that was inappropriate given his mental disability, failing to make accommodations for that mental disability, discriminating against MR. MEDINA because of his race and disability, and shooting-to-kill MR. MEDINA while he fled with only a cell phone in his hand. More than two years passed between Mr. Loozen's shooting and MR. MEDINA's,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                               V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                    Carmen D. Sabater, Esq.
                                                                                          Emily C. Barbour, Esq.

1  but DEFENDANT CID failed to act during that time to prevent the unnecessary

2  shooting of another mentally ill individual in the midst of a mental health crisis.

3  ### FIRST CAUSE OF ACTION

4  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

5  **(Plaintiffs as Successors in Interest Against All Defendants)**

6  58.    PLAINTIFFS repeat and re-allege each and every allegation in this

7  Complaint with the same force and effect as if fully set forth herein.

8  59.    DEFENDANT RIOS used excessive force against Mr. MEDINA,

9  including, but not limited to, shooting him in the back with lethal rounds

10  unnecessarily and repeatedly, failing to attempt other less serious use of force

11  options before resorting to deadly force, failing to issue a clear verbal command

12  prior to shooting and killing Mr. MEDINA, and failing to employ communication

13  and de-escalation techniques appropriate for an individual experiencing a mental

14  health crisis.

15  60.    DEFENDANT RIOS and DOE OFFICERS 1-10's unjustified

16  shooting and killing of Mr. MEDINA deprived Mr. MEDINA of his right to be

17  secure in his person against unreasonable searches and seizures as guaranteed to

18  MR. MEDINA under the Fourth Amendment to the United States Constitution and

19  applied to state actors by the Fourteenth Amendment.

20  61.    The shooting was excessive and unreasonable, especially because Mr.

21  MEDINA was mentally ill (a fact both known and reasonably suspected by the

22  involved officers at the time of the incident) and posed no immediate threat of death

23  or serious bodily injury at the time of the shooting. The immediate and unnecessary

24  resort to lethal force by DEFENDANT RIOS and DOE OFFICERS 1-10 violated

25  well-established limits on the use of force—and police officer standard training.

26  62.    PLAINTIFFS, as MR. MEDINA's successors in interest, have

27  standing to assert MR. MEDINA's claim for the violation of his Fourth and

28  Fourteenth Amendment rights.  As a result of their conduct, DEFENDANTS are

15

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                    Carmen D. Sabater, Esq.
                                                                  Emily C. Barbour, Esq.

liable for MR. MEDINA's injuries and death and the resulting damage to PLAINTIFFS in their capacity as MR. MEDINA's successors in interest. DEFENDANTS RIOS and DOES 1-10 are liable for Mr. MEDINA'S's injuries and death either because they were integral participants in the excessive force, including the use of unreasonable deadly force, or because they failed to intervene to prevent these violations.

63.    DEFENDANT CITY is liable pursuant to *Monell* because it maintained, condoned and/or permitted policies, customs, and/or practices—as described herein—of conscious disregard of and reckless indifference to Constitutional rights.  These policies, customs, and practices were the moving force in the violation of MR. MEDINA's rights.  PLAINTIFFS are also informed and believe that DEFENDANT CITY has ratified the actions of its employees by investigating the shooting but concluding that the DEFENDANT OFFICERS' actions were in conformity with CULVER CITY and CCPD policy and declining to discipline the involved employees.

64.    DEFENDANT DOES 9-10 are liable for their direct actions as supervisors which caused the deprivation of MR. MEDINA's constitutional rights.

65.    On information and belief, DEFENDANT RIOS and DOES 1-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MR. MEDINA's death.

66.    On information and belief, DEFENDANT CITY failed to properly and adequately train DEFENDANT RIOS and DOES 1-10, with regard to:  the use of physical force, less than lethal force, and lethal force; and, *inter alia*, the treatment of persons who are suspected of having some type of mental illness.

67.     As a direct and legal result of Defendants' acts and omissions, MR. MEDINA suffered damages, including, pre-death pain and suffering, loss of his life, loss of enjoyment of life, and loss of earning capacity and loss of his relationship with his children, parents, friends, and family.

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                    Carmen D. Sabater, Esq.
                    Emily C. Barbour, Esq.

68.     PLAINTIFFS are informed and believe and thereon allege that the acts of the DEFENDANT RIOS and DOES 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of Mr. MEDINA's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

69.     PLAINTIFFS bring this claim as successors in interest to Mr. MEDINA, and seek both all damages available under federal law, including survival damages, including pre-death pain and suffering and loss of enjoyment of life and loss of life, for the above-described violations of Mr. MEDINA's constitutional rights.

70.     PLAINTIFFS seek attorney fees under this claim pursuant to 42 U.S.C. Section 1988.

## SECOND CAUSE OF ACTION

### Denial Of Adequate Medical Care (42 U.S.C. § 1983)

### (Plaintiffs As Successors In Interest Against All Defendants)

71.     PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

72.     DEFENDANTS' conduct deprived Mr. MEDINA of his liberties without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

73.     DEFENDANTS RIOS and DOES 1-10 made an intentional decision to deny PLAINTIFF immediate medical care for more than five minutes, despite being aware that he had been shot multiple times, had sustained multiple gunshot wounds to the torso, and required immediate emergency care, including, but not limited to, transportation to a trauma center.  Instead, DEFENDANTS RIOS and DOES 1-10 approached Mr. MEDINA slowly and stood idly by Mr. MEDINA's body while he bled to death.

74.     DEFENDANTS' denial of needed medical care for Mr. MEDINA put

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                   Carmen D. Sabater, Esq.
                                                                Emily C. Barbour, Esq.

him at substantial risk of suffering serious harm.  Indeed, Mr. MEDINA *died* because DEFENDANTS RIOS and DOES-10 made an intentional decision not to respond to Mr. MEDINA's life-threatening injuries with the urgency that those injuries required.

75.    DEFENDANTS RIOS and DOES-10 did not take reasonable available measures to abate or reduce the risk of serious harm to Mr. MEDINA, even though the consequences of their conduct were obvious.  DEFENDANTS' refusal to take any action to assist Mr. MEDINA while he lay bleeding from multiple gunshot wounds to his torso was objectively unreasonable under the circumstances because the wounds were obviously likely to be deadly if not urgently treated.

76.    By not taking such measures, DEFENDANTS caused Mr. MEDINA's death.

77.    DEFENDANT CULVER CITY is liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. MEDINA's Fifth and Fourteenth Amendment rights and/or because it ratified the actions of its employees, as mentioned above.

78.    The aforementioned customs and practices of THE CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

79.    DEFENDANTS THE CITY, MANUEL CID, RIOS, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs that permitted, encouraged, and authorized DEFENDANTS RIOS and DOES 1-10 to fail to respond with urgency to Mr. MEDINA's life-threatening injuries.  Indeed, despite having knowledge of these deficient policies, practices, and customs, DEFENDANTS condoned, tolerated, and, through actions and inactions, thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                    Carmen D. Sabater, Esq.
                                                  Emily C. Barbour, Esq.

1   to the foreseeable effects and consequences of these policies with respect to the
2   constitutional rights of Mr. MEDINA and other individuals similarly situated.

3       80.     As a direct and legal result of Defendants' acts and omissions, MR.
4   MEDINA suffered damages, including, pre-death pain and suffering, loss of his life,
5   loss of enjoyment of life, and loss of earning capacity and loss of his relationship
6   with his children, parents, friends, and family.

7       81.     PLAINTIFFS are informed and believe and thereon allege that the acts
8   of the DEFENDANT RIOS and DOES 1-10 were willful, malicious, intentional,
9   reckless and/or were performed in willful and conscious disregard of Mr.
10  MEDINA's rights, justifying the awarding of punitive and exemplary damages
11  against the individual Defendants in an amount to be determined at the time of trial.

12      82.     PLAINTIFFS bring this claim as successors in interest to Mr.
13  MEDINA, and seek both all damages available under federal law, including
14  survival damages, including pre-death pain and suffering and loss of enjoyment of
15  life and loss of life, for the above-described violations of Mr. MEDINA's
16  constitutional rights.

17      83.     PLAINTIFFS seek attorney fees under this claim pursuant to 42 U.S.C.
18  Section 1988.

19              **THIRD CLAIM FOR RELIEF**
20      **Interference With Familial Relationship (42 U.S.C. § 1983)**
21      **(Plaintiffs in Their Individual Capacities Against All Defendants)**

22      84.     PLAINTIFFS repeat and re-allege each and every allegation in this
23  Complaint with the same force and effect as if fully set forth herein.

24      85.     By wrongfully shooting and killing MR. MEDINA, Defendants
25  deprived PLAINTIFFS of their Fourteenth Amendment right of familial
26  relationship with MR. MEDINA.

27      86.     PLAINTIFFS allege that DEFENDANT RIOS and DOES 1-10 acted
28  intentionally, recklessly and/or with deliberate indifference in their actions causing

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                          V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                   Carmen D. Sabater, Esq.
                                                                                   Emily C. Barbour, Esq.

1  the death of Mr. MEDINA and that they engaged in conduct which shocks the

2  conscience and are therefore individually liable under Section 1983.

3       87.    MRS. MEDINA told the CCPD and the DEFENDANT OFFICERS

4  that she was MR. MEDINA's wife and that they had children.  Nevertheless, the

5  CCPD acted recklessly and with deliberate indifference to PLAINTIFFS' right of

6  familial relationship with MR. MEDINA.

7       88.    As a result of their conduct, DEFENDANTS are liable for

8  PLAINTIFFS' loss of their familial relationship with MR. MEDINA.   The

9  individual DEFENDANTS are liable either because they were integral participants

10 in the interference with the parent-child relationship, or because they failed to

11 intervene to prevent these violations.

12      89.    As alleged herein, DEFENDANT CITY is liable pursuant to *Monell*

13 because:  (1) it maintained, condoned and/or permitted a policy, custom and/or

14 practice of conscious disregard of and reckless indifference to Constitutional rights

15 which was a moving force in the violation of Mr. MEDINA's rights; and/or (2) it

16 ratified the actions of the individual  DEFENDANTS by finding that their actions

17 leading to the death of Mr. MEDINA were in conformity with the CCPD's policy

18 and by failing to discipline the involved officers.  As a result of DEFENDANTS'

19 actions, PLAINTIFFS were deprived of the life-long love, companionship, support,

20 society, care, services, advice, and sustenance of Mr. MEDINA, and they will

21 continue to be so deprived for the remainder of their lives.

22      90.    As a direct and legal result of DEFENDANTS' acts and omissions,

23 PLAINTIFFS suffered damages, including, without limitation, emotional distress;

24 funeral and burial expenses and other pecuniary losses; as well as the loss of Mr.

25 MEDINA's love, affection, society, support and companionship.

26      91.    PLAINTIFFS are informed and believe and thereon allege that the

27 acts of DEFENDANTS RIOS and DOES 1-10 were willful, malicious, intentional,

28 reckless and/or were performed in willful and conscious disregard of PLAINTIFFS'

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                           V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                    Carmen D. Sabater, Esq.
                                                                                        Emily C. Barbour, Esq.

1    rights, justifying the awarding of punitive and exemplary damages against the
2    individual Defendants in an amount to be determined at the time of trial.

3        92.    PLAINTIFFS bring this claim in their individual capacity and seek all
4    damages and other remedies available to them under federal law.

5        93.    PLAINTIFFS seek attorney fees under this claim pursuant to 42
6    U.S.C. Section 1988.

### FOURTH CAUSE OF ACTION

**Deprivation of Life Without Due Process (42 U.S.C. § 1983)**

(**Plaintiffs as Successors in Interest Against All Defendants**)

10       94.    PLAINTIFFS repeat and re-allege each and every allegation in this
11   Complaint with the same force and effect as if fully set forth herein.

12       95.    Mr. MEDINA enjoyed cognizable interests under the Substantive Due
13   Process Clause of the Fourth and Fourteenth Amendments of the United States
14   Constitution to be free from state actions that deprive him of life, liberty or property
15   in such a manner as to shock the conscience.

16       96.    DEFENDANT RIOS shot MR. MEDINA in his back while he was
17   running away from the officers thereby depriving him of his life without due process
18   of law.  DEFENDANT RIOS' actions also caused MR. MEDINA extreme pain and
19   suffering, loss of life, earning capacity and his relationship with his family, and
20   friends.

21       97.    DEFENDANT RIOS' actions, along with the conduct of his fellow
22   police officers, DOES 1-10, in responding to PLAINTIFF ADRIANA CHRISTINE
23   MEDINA's pleas that they *help* Mr. MEDINA—her husband and the father of her
24   children—shocked the conscience.   DEFENDANTS acted with deliberate
25   indifference to Mr. MEDINA's constitutional rights, and with the purpose to harm
26   unrelated to any legitimate law enforcement objective.

27       98.    As a legal result of their conduct, DEFENDANT RIOS and
28   DEFENDANTS DOES 1-10 are liable to PLAINTIFFS, as successors in interest to

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*           V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS           Carmen D. Sabater, Esq.
                                        Emily C. Barbour, Esq.

1  Mr. MEDINA, because they deprived Mr. MEDINA of his right to life without due

2  process of law.   DEFENDANT RIOS and DEFENDANTS DOES 1-10 were

3  integral participants in the deprivation of life without due process and/or failed to

4  intervene to prevent this infringement of Mr. MEDINA's constitutional rights.

5      99.    DEFENDANT CITY's policies, practices or customs were a cause of

6  Mr. MEDINA's loss of life as set forth above, and DEFEDANT CID had actual or

7  constructive knowledge of the deficiencies in these policies, practices, or customs

8  but maintained them with deliberate indifference to the constitutional rights of the

9  people policed by the CCPD.

10     100.   As a direct and legal result of DEFENDANTS' acts and omissions,

11  PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of

12  life, pain and suffering, physical injuries and sickness, emotional distress, medical

13  expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary

14  losses not yet ascertained and the loss of MR. MEDINA's love, affection, society,

15  support, and companionship.

16     101.   PLAINTIFFS are informed and believe and thereon allege that the

17  acts of DEFENDANT RIOS and DEFENDANTS DOES 1-10 were willful, wanton,

18  malicious, intentional, oppressive and done with willful and conscious disregard of

19  Mr. MEDINA's rights, welfare, and safety, justifying the awarding of punitive and

20  exemplary damages (except DEFENDANT CITY) in an amount to be determined

21  at time of trial.

22     102.   PLAINTIFFS also seek attorneys' fees under this claim.

23  ///

24  ///

25  ///

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                          V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                          Carmen D. Sabater, Esq.
                                                                                   Emily C. Barbour, Esq.

**FIFTH CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Plaintiffs Against Defendant Culver City)**

103.   PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

104.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), DEFENDANT CITY is liable for all injuries sustained by PLAINTIFFS as set forth herein.  DEFENDANT CITY bears liability because, as described herein, (1) it ratified the unlawful actions of its employees who caused MR. MEDINA's death and (2) it maintained s policies, practices and/or customers with deliberate indifference to the constitutional rights of the people it policed and these policies, practices, and customs were a cause of and moving force for MR. MEDINA's death and PLAINTIFFS' injuries. DEFENDANT CITY permitted or maintained one of more of the following policies, practices, and customs with deliberate indifference to the constitutional rights of the persons it policed—and also permitted or maintained all policies, practices, and customs described in greater detail above:

a.    Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b.    Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force, arrest, and detention—particularly, but not exclusively when interacting with citizens clearly displaying signs of a mental episode, mental disability, mental illness and/or mental instability;

c.    Failure to provide adequate training and supervision on how to deescalate situations involving persons suffering from emotional or mental disturbances and/or persons under the influence;

d.    Failure to provide adequate training and supervision on how to identify

signs of mental illness or disabilities in suspects and how to respond to such persons without escalating the level of potential violence;

e.      Selection, retention, and assignation of officers—including DEFENDANT RIOS and DEFENDANTS DOES 1-10—with demonstrable propensities for excessive force, violence, dishonesty, abuse of authority, and other misconduct;

f.      Inadequate supervision, training, control, assignment, and discipline of CITY police officers and other personnel, including DEFENDANTRIOS and DEFENDANTS DOES 1-10, whom DEFENDANTS CHIEF CID, and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

g.      Adoption and maintenance of grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT  RIOS and DEFENDANTS DOES 1-10, who are police officers and/or agents of CITY;

h.      Failure to meaningfully investigate and adequately discipline DEFENDANT RIOS and DEFENDANTS DOES 1-10 and/or other CCPD officers, including but not limited to, unreasonable, unnecessary use of deadly and excessive force;

i.      Ratification, at the highest levels of authority, of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of Mr. MEDINA;

j.      Adoption and maintenance of an unconstitutional policy, custom, and practice of the unreasonable, unnecessary, and excessive of use of deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DEFENDANT  RIOS and DEFENDANTS DOES 1-10 were maintained with a deliberate indifference

24

to individuals' safety and rights;

k.      Failure to properly investigate claims of unlawful killing of innocent citizens, and excessive force by CITY officers; and other CCPD officers; and

l.      Condonation and encouragement of officers in the belief that they can violate the rights of persons such as MR. MEDINA with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

105.  By reason of the aforementioned policies and practices of DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10, MR. MEDINA was severely injured and subjected to pain, suffering, and loss of his life and PLAINTIFFS were deprived of their right to a familial relationship with MR. MEDINA.

106.  DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MR. MEDINA, PLAINTIFFS, and other individuals similarly situated.

107.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY, CHIEF CID, RIOS, and DOES 1-10 acted with intentional, reckless, and callous disregard for the life of MR. MEDINA and for MR. MEDINA's and PLAINTIFFS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of MR.

MEDINA and PLAINTIFFS.

108.   The actions of DEFENDANT RIOS and each of DEFENDANTS DOES 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT RIOS and DEFENDANTS DOES 1-10 and any other individual as allowed by law.

109.   By reason of the aforementioned acts and omissions of DEFENDANT CITY, CHIEF CID, RIOS, and DOES 1-10, PLAINTIFFS have suffered loss of love, companionship, affection, comfort, care, society, and they will continue to be so deprived for the remainder of their lives.

110.   Accordingly, DEFENDANTS CITY, CHIEF CID, RIOS, and DOES 1-10, each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

111.   PLAINTIFFS also seek attorney fees under this claim.

## SIXTH CAUSE OF ACTION

### Discrimination On The Basis Of Disability (42 U.S.C. § 12132)

### (Plaintiffs as Successors in Interest Against All Defendants)

112.   PLAINTIFFS repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

113.   At and around the time of the shooting, Mr. MEDINA was suffering from a "disability" within the meaning and scope of 42 U.S.C. § 12102.  MR. MEDINA's mental illnesses (including schizophrenia) and resulting mental health crisis substantially limited his ability to participate and engage in major life activities, including his ability to interact with others and accurately perceive and construe events.

114.  DEFENDANTS knew that MR. MEDINA was a qualified individual with a disability and perceived him as a qualified individual with a disability

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                           V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                          Carmen D. Sabater, Esq.
                                                                                         Emily C. Barbour, Esq.

because MRS. MEDINA stated that MR. MEDINA was a paranoid schizophrenic in her 9-1-1 call and indicated that he was having a mental health crisis.  The police dispatcher then relayed this information to the DEFENDANT OFFICERS who were responding to the call, including DEFENDANT RIOS.

115.   Accordingly, Mr. MEDINA was a member of the class of persons protected by 42 U.S.C. § 12132, which makes it unlawful for a public entity to discriminate against an individual with a disability or to deny the benefits of the services, programs or activities of a public entity to a person with a disability.

116.   DEFENDANTS CITY and CCPD are, and were at all times relevant to this action, public entities within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).  Accordingly, they have an affirmative obligation under Title II of the ADA to make reasonable accommodations that allow people with disabilities to access the benefits, services, and programs provide to the general public.

117.   Specifically, to comply with Title II of the ADA, police officers, when encountering persons with obvious mental disabilities or mental illness, may need to modify their behavior to accommodate for the disability.  For example, while it may be appropriate to use loud and firm commands towards a subject who does not suffer from a mental disability, using such tactics towards a subject who is suffering a mental health crisis will likely be perceived as being aggressive and will escalate the subject's mental health crisis.

118.   Indeed, guidance issued by the Civil Rights Division of the United States Department of Justice in February 2020 makes plain that Title II of the ADA applies to arrests by police departments and to virtually everything that police officers do in enforcing the law, including using force to seize or detain suspects. *See also Sheehan v. City & County of San Francisco,* 743 F.3d 1211 (9th Cir. 2014), rev'd on other grounds *City & County of San Francisco v. Sheehan*, 575 U.S. 600 (2015); *Sommers v. City of Santa Clara*, 516 F. Supp.3d 967 (N.D. Cal. 2021).

119.   According to that February 2020 guidance, "it is important that police

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                    Carmen D. Sabater, Esq.
                                                                                              Emily C. Barbour, Esq.

officers are trained to distinguish behaviors that pose a real risk from behaviors that do not, and to recognize when an individual, such as someone who is having a seizure or exhibiting signs of psychotic crisis, needs medical attention." The guidance document also emphasizes the importance of not criminalizing an individual solely for having a psychotic episode as a result of a mental illness—but that is precisely what the DEFENDANT OFFICERS in this case did with respect to MR. MEDINA.

120. When MRS. MEDINA described to DEFENDANT OFFICER DOE 1 that MR. MEDINA was having a mental health crisis, DEFENDANT OFFICER DOE 1 focused on eliciting statements from MRS. MEDINA that would support charging him with a crime and treating him as a criminal, rather than as a person in need of medical attention. DEFENDANT OFFICER DOE 1 similarly focused on relaying this information about MR. MEDINA's potentially criminal acts to the other officers, rather than on relaying the need to involve CCPD staff trained in responding to individuals in mental health crisis.

121. DEFENDANT CITY, under the leadership of DEFENDANT CID, and with deliberate indifference to the federally protected rights of individuals with disabilities, failed to train, supervise, and/or discipline its employees and peace officers in recognizing symptoms of disability under Title II of the Americans with Disabilities Act and effectively communicating with, and obtaining compliance from, individuals with a mental illness who, as a result of that mental illness, or having a mental health crisis.

122. Consequently, DEFENDANT CITY, under the leadership of DEFENDANT CID, and with deliberate indifference to the federally protected rights of individuals with disabilities, failed to provide reasonable accommodations to qualified individuals—including MR. MEDINA—who have the police called on them because they are acting erratically due to their need for emergency mental health treatment.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*
Case No.: 2:23-cv-00704-ODW-AS

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Emily C. Barbour, Esq.

123.    Due to their lack of adequate training, supervision, and discipline on making accommodations for suspects with mental illness, DEFENDANTS RIOS and DOES 1-10, acting in the course and scope of their employment as peace officers for THE CITY, discriminated against Mr. MEDINA by, *inter alia*, failing to provide reasonable accommodations for his disability during their encounter on December 18, 2022.

124.    DEFENDANT CITY is vicariously liable for the acts and omissions of its employees, including DEFENDANTS RIOS and DOES 1-10.

125.    At the time of the incident, DEFENDANTS RIOS and DOES 1-10, as CCPD employees, knew or should have known MR. MEDINA was experiencing a mental health crisis resulting from a disability and acted with deliberate indifference regarding his mental condition and his federally protected rights under the A.D.A. DEFENDANT OFFICERS' failure and refusal to accommodate MR. MEDINA's mental illness in their interactions with him exacerbated his mental health crisis and led him to flee from the officers and become embroiled in an unnecessary confrontation with police.

126.    Specifically, DEFENDANTS RIOS and DOES 1-10 failed to take the first step of reasonably accommodating Mr. MEDINA by, *inter alia*: deploying tactics to calm and de-escalate the situation, including using a calm and professional tone and trying to gain his trust; recognizing cues and other indicators in order to make appropriate decisions regarding intervention strategies; taking time to assess the situation, calm the situation, determine whether the individual is taking medication, and ask MR. MEDINA if he is hearing voices; requesting additional backup and equipment; keeping sentences short; not threatening the individual with arrest or in any other manner; providing reassurance that the officers are there to help; giving MR. MEDINA time to calm down; moving slowly, respecting personal space, and maintaining distance; and eliminating emergency lights and reducing environmental distractions.  PLAINTIFFS are informed and believe and thereon

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                    Carmen D. Sabater, Esq.
                                                                                              Emily C. Barbour, Esq.

1  allege that DEFENDANT OFFICERS failed to employ the foregoing methods to
2  reasonably accommodate Mr. MEDINA and instead engaged in tactics which
3  escalated his mental health crisis.

4      127.   In addition, DEFENDANTS RIOS and DOES 1-10 failed to provide
5  reasonable accommodations during their encounter with Mr. MEDINA by failing
6  to, without limitation: establish and/or utilize inter-departmental protocols when
7  evaluating whether he, as a mental health suspect, was a danger to himself or others;
8  follow inter-departmental and industry-wide accepted protocols when encountering
9  mentally unstable suspects; and utilize inter-departmental protocols that were
10 specifically created to inform officers how to handle encounters with mentally-ill
11 persons. PLAINTIFFS are informed and believe and thereon allege that the failure
12 to provide such accommodations for Mr. MEDINA's mental disability caused the
13 situation to escalate unnecessarily and was a direct cause of PLAINTIFFS'
14 damages.

15     128.   PLAINTIFFS are informed and believe and thereon allege that had the
16 DEFENDANT OFFICERS acted reasonably and provided reasonable
17 accommodations for Mr. MEDINA's mental disability that the situation could have
18 been de-escalated and that Mr. MEDINA could have been taken into custody
19 without serious injury and provided with needed medical and mental health care.
20 PLAINTIFFS are further informed and believe and thereon allege that in failing to
21 provide reasonable accommodations, the DEFENDANT OFFICERS acted
22 unreasonably and with deliberate indifference to the need for such
23 accommodations.

24     129.   The aforementioned conduct of these CCPD employees, in failing to
25 make reasonable accommodations for Mr. MEDINA, denied him the benefits of
26 DEFENDANT CITY's programs and activities, and/or discriminated against Mr.
27 MEDINA by reason of his recognized disability.

28     130.   PLAINTIFFS are informed and believe and thereon allege that the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                              Carmen D. Sabater, Esq.
                                                            Emily C. Barbour, Esq.

1  CCPD has consistently failed to provide reasonable accommodations to persons

2  suffering from mental disabilities and has discriminated against such persons by

3  denying them the full benefits of CITY programs and activities.  The conduct of the

4  CCPD towards Mr. MEDINA, who was clearly suffering from a mental disability,

5  is consistent with the CCPD's conduct on other occasions in which excessive force

6  was used against persons with mental disabilities—as was the case with Mr. Loozen

7  in August 2020.

8      131.   As a direct and proximate result of the DEFENDANTS' violations as

9  set forth above, Mr. MEDINA incurred substantial emotional and physical harm,

10  including death.

11      132.   By the aforesaid acts and omissions of Defendants, PLAINTIFFS,

12  individually and/or as the decedent's successors in interest, have been directly and

13  legally caused to suffer actual damages in the amount of past, present and/or future

14  wage loss, income and support, medical expenses, pain and suffering, emotional

15  distress, loss of life and the enjoyment of life, and other pecuniary loss.

16      133.   As a result of Defendants' conduct as alleged herein, PLAINTIFFS

17  are entitled to compensatory and reasonable attorneys' fees, as well as all statutory

18  damages provided for by the Americans with Disabilities Act.

19                **SEVENTH CAUSE OF ACTION**

20            **Violation of Bane Act (Cal. Civil Code § 52.1)**

21      **(Plaintiffs As Successors in Interest Against All Defendants)**

22      134.   PLAINTIFFS repeat and re-allege each and every allegation in this

23  Complaint with the same force and effect as if fully set forth herein.

24      135.   As alleged herein, DEFENDANTS interfered by threats, intimidation,

25  coercion, or actual violence with MR. MEDINA's rights under state and federal

26  laws and under the state and federal Constitution.  These rights include, without

27  limitation, Mr. MEDINA's rights under:  California Civil Code Sections 43, 52, and

28  54; California Penal Code Sections 149, 240, 242, and 835a; the First, Fourth, Fifth,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                   V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS              Carmen D. Sabater, Esq.
                                                  Emily C. Barbour, Esq.

1  and Fourteenth Amendments to the United States Constitution; the Americans with

2  Disabilities Act; and Article 1, Sections 1, 7 and/or 13 of the California

3  Constitution.  Among these rights are the right to be free from excessive force, the

4  right not to be deprived of life or liberty without due process of law, the right to

5  adequate medical care when in the custody of the state, the right to bodily integrity,

6  and the right to accommodations to access public services under the Americans with

7  Disabilities Act.

8      136.  DEFENDANTS acted intentionally and with reckless disregard for

9  Mr. MEDINA's rights, repeatedly and unnecessarily shooting him in the back as he

10  fled on foot.

11      137.  As a direct and legal result of Defendants' acts and omissions,

12  PLAINTIFFS, as Mr. MEDINA's successors in interest and/or heirs, suffered

13  damages and therefore seek all damages, including actual, compensatory and

14  statutory damages, which are recoverable pursuant to Civil Code Section 52.1 and

15  any other applicable statutes.

16      138.  PLAINTIFFS are informed and believe and thereon allege that the

17  aforementioned acts of the individual Defendants, and each of them, were willful,

18  malicious, intentional, oppressive and despicable and/or were done in willful and

19  conscious disregard of the rights, welfare and safety of PLAINTIFFS and/or Mr.

20  MEDINA, thereby justifying the awarding of punitive and exemplary damages

21  against the individual (non-government entity) defendants in an amount to be

22  determined at time of trial.

23      139.  PLAINTIFFS seek an award of reasonable attorneys' fees pursuant to

24  Civil Code Section 52.1.

25  ///

26  ///

27  ///

28

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                           Carmen D. Sabater, Esq.
                                                         Emily C. Barbour, Esq.

**EIGHTH CAUSE OF ACTION**

**Wrongful Death (Cal. Civ. Proc. Code § 377.60)**

**(All Plaintiffs Individually Against All Defendants)**

140.   PLAINTIFFS repeat and re-allege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

141.   As the heirs of the decedent, Mr. MEDINA, PLAINTIFFS assert a wrongful death cause of action against all DEFENDANTS pursuant to CCP §§ 377.60 et seq.  This claim is based upon the allegations that Defendants' negligent and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Mr. MEDINA's death and the resulting damages to Plaintiffs.

142.   DEFENDANT RIOS killed MR. MEDINA despite the absence of an imminent threat of death or physical injury to him or others.  MR. MEDINA was unarmed and posed no threat to the officer's safety or to the safety of others.

143.   DEFENDANTS' intentional, negligent, reckless and wrongful acts and omissions were the direct and legal cause of MR. MEDINA's death and the resulting damages to PLAINTIFFS.  As a result of their conduct, DEFENDANTS are liable for PLAINTIFFS' injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

144.   The civil rights violations alleged herein, as well as DEFENDANTS' other tortious acts and omissions, and negligence under California Civil Code Section 1714 form the basis for this cause of action.  PLAINTIFFS will amend this cause of action if and when DEFENDANT CITY denies PLAINTIFFS' recently filed Government Tort Claim.

145.   PLAINTIFFS are informed and believe and thereon allege that the acts of DEFENDANT RIOS and DEFENDANTS DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of PLAINTIFFS' rights, welfare and safety and those of their father,

1  justifying the awarding of punitive and exemplary damages in an amount to be
2  determined at time of trial.

3       146.   As a direct and legal result of DEFENDANTS' acts and omissions,
4  PLAINTIFFS suffered damages, including, without limitation, the loss of financial
5  support and benefits, loss of enjoyment of life, emotional distress, medical
6  expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary
7  losses not yet ascertained, the loss of Mr. MEDINA's love, affection, society, and
8  companionship.

9       147.   PLAINTIFFS seek wrongful death damages and all other damages and
10 remedies available under state law.

11                    **NINTH CAUSE OF ACTION**

12                       **Assault and Battery**

13      **(Plaintiffs as Successors in Interest Against All Defendants)**

14      148.   PLAINTIFFS repeat and re-allege each and every allegation in the
15 paragraphs of this Complaint with the same force and effect as if fully set forth
16 herein.

17      149.   DEFENDANTS RIOS and DOES 1-10 and/or other employees of the
18 CCPD, while acting within the course and scope of their employment and duties,
19 intentionally used excessive force against Mr. MEDINA, including repeatedly
20 firing lethal rounds at and into his body, resulting in his death.

21      150.   DEFENDANTS RIOS and DOES 1-10's repeated application of
22 deadly force against Mr. MEDINA, to which he did not consent and which led him
23 to fear for his life and safety, were acts of assault and battery.  Mr. MEDINA
24 sustained multiple gunshot wounds to the torso as a result of the assault and battery
25 of DEFENDANTS RIOS and DOES 1-10, and he died from these wounds.

26      151.   DEFENDANTS RIOS and DOES 1-10 and/or other employees of the
27 CCPD, who committed battery against Mr. MEDINA are liable to PLAINTIFFS
28 pursuant to Government Code Section 820 and CCP Section 377.20 and 377.60,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                          Carmen D. Sabater, Esq.
                                                        Emily C. Barbour, Esq.

among other statutes.  Moreover, DEFENDANT CITY is liable to PLAINTIFFS pursuant to Government Code Section 815.2 and CCP Section 377.20 and 377.60, among other statutes, for the acts of its employees in committing battery against Mr. MEDINA.

152.  As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries, emotional distress, medical expenses, funeral and burial expenses, attorneys fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. MEDINA's love, affection, society, support and companionship.

153.   PLAINTIFFS are informed and believes and thereon allege that the acts of DEFENDANT RIOS and DEFENDANTS DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of MR. MEDINA, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

154.   As a result of their conduct, DEFENDANTS are liable for MR. MEDINA's injuries, either because they were integral participants in the acts of assault and battery, because they adopted or maintained policies, practices, and customs that were the cause of the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

155.   PLAINTIFFS seek both survival and wrongful death damages under state law.

///

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                    Carmen D. Sabater, Esq.
                                                  Emily C. Barbour, Esq.

1
2
3

### TENTH CAUSE OF ACTION

**Negligence, Including Negligent Training and Supervision**

**(Plaintiffs as Successors in Interest Against All Defendants)**

4    156.   PLAINTIFFS repeat and re-allege each and every allegation in the

5 paragraphs of this Complaint with the same force and effect as if fully set forth

6 herein.

7    157.   Defendants owed a duty of care to Mr. MEDINA in the exercise of

8 their law enforcement duties and were required to use reasonable diligence to ensure

9 that Mr. MEDINA was not harmed by Defendants' acts or omissions.  Defendants'

10 actions and omissions with respect to Mr. MEDINA breached this duty of care and

11 were negligent and reckless.  These negligent and reckless actions include, but are

12 not limited to:

13    a.    Defendants' failure to properly assess the need to use force against Mr.

14        MEDINA;

15    b.    Defendants' failure to prevent the use of unreasonable force, including

16        deadly force, against Mr. MEDINA;

17    c.    Defendants' negligent pre-shooting tactics, negligent tactics related to

18        the use of force, and negligent handling of the situation with Mr. MEDINA,

19        including conduct that falls below the professional standard of care for peace

20        officer interactions with mentally ill and/or disabled persons, which

21        unnecessarily escalated the situation and caused the death of Mr. MEDINA;

22    d.    Defendants' negligent and/or unreasonable uses of force against Mr.

23        MEDINA;

24    e.    Defendants' failure to properly assess, provide, and/or summon

25        immediate medical care for Mr. MEDINA;

26    f.    Defendants' failure to comply with Penal Code 835a—which requires

27        officers to only use deadly force when necessary—so as to constitute

28        negligence per se;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                    Carmen D. Sabater, Esq.
                                                  Emily C. Barbour, Esq.

g.     The failure of supervisory employees of the CCPD, including DOES 9-10, to properly train, supervise and discipline employees, including DEFENDANTS RIOS and DOES 1-10, regarding the use of force, pre-shooting tactics, encounters with mentally disabled persons, recognizing persons with mental illness, and responding to suspects with cell phones;

h.     The negligent hiring, retention and assignment of the CCPD peace officers, including DEFENDANT RIOS and DOES 1-10, by supervisory employees of DEFENDANT CITY, including DOES 9-10 and DEFENDANT MANUEL CID.

158.   DEFENDANTS RIOS and DOES 1-10, and/or other employees of the CCPD, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting and use of force-related police tactics in dealing with Mr. MEDINA.  Consequently, PLAINTIFFS allege that their negligent acts and omissions were a direct cause of Mr. MEDINA's death.

159.   DEFENDANTS RIOS and DOES 1-10 and others whose negligent acts and omissions were a proximate cause of Mr. MEDINA's death are liable to PLAINTIFFS pursuant to Government Code Section 820 and CCP Sections 377.20 and 377.60, among other statutes.  Moreover, DEFENDANT CITY is liable to PLAINTIFFS pursuant to Government Code Section 815.2 and CCP Sections 377.20 and 377.60, among other statutes, for the negligent acts and omissions of its employees, which were a direct and proximate cause of Mr. MEDINA's death.

160.   Further, DEFENDANT CITY is also vicariously liable for the acts and omissions of its supervisory employees based on their negligent failure to properly train and supervise the employees involved in this incident as alleged herein pursuant to California Government Code Section 815.2 and other statutes.

161.   As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFFS suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries,

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                          Carmen D. Sabater, Esq.
                                                                                         Emily C. Barbour, Esq.

emotional distress, medical expenses, funeral and burial expenses, attorneys fees, costs of suit, other pecuniary losses not yet ascertained and the loss of MR. MEDINA's love, affection, society, support and companionship.

162.    PLAINTIFFS are informed and believes and thereon allege that the acts of DEFENDANT RIOS and DEFENDANTS DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of MR. MEDINA, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

163.    As a result of their conduct, DEFENDANTS are liable for MR. MEDINA's injuries, either because they were integral participants in the acts of negligence described herein or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

164.    PLAINTIFFS seek both survival and wrongful death damages under state law.

## ELEVENTH CAUSE OF ACTION

### Loss of Consortium

### (Plaintiff Adriana Christine Medina Against All Defendants)

165.    PLAINTIFF ADRIANA CHRISTINE MEDINA repeats and re-alleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

166.    PLAINTIFF ADRIANA CHRISTINE MEDINA and deceased MR. MEDINA were lawfully married at all times relevant to this action and were husband and wife at the time of Mr. MEDINA's death.

167.    As alleged above, and as a result of the conduct of the DEFENDANTS, DEFENDANTS RIOS and DOES 1-10 repeatedly and unnecessarily shot MR. MEDINA in the back as he fled, causing his death.

168.    As a direct and proximate result of DEFENDANTS killing Mr.

MEDINA—and adopting policies, practices, and customs, including deficient training and supervision, that caused the DEFENDANT OFFICERS to shoot MR. MEDINA—PLAINTIFF ADRIANA CHRISTINE MEDINA has been deprived, continues to be deprived, and will be deprived in the future, of her spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for the remainder of her life. Said deprivation has caused, continues to cause, and will cause PLAINTIFF ADRIANA CHRISTINE MEDINA to suffer depression, emotional distress, physical injuries and sickness, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained, but which will be stated according to proof at trial.

169. PLAINTIFF ADRIANA CHRISTINE MEDINA is informed and believes and thereon alleges that the acts of DEFENDANT RIOS and DEFENDANT DOES 1-10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Mr. MEDINA, thereby justifying the awarding of punitive and exemplary damages (against individual defendants only) in an amount to be determined at time of trial.

170. PLAINTIFF ADRIANA CHRISTINE MEDINA seeks all damages recoverable under this claim.

///

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                              Carmen D. Sabater, Esq.
                                                                                    Emily C. Barbour, Esq.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS and each of them, and for damage as to each of the actions as applicable, as follows:

1) For General Damages according to proof;

2) For Special Damages according to proof;

3) For Punitive Damages as provided by law, in an amount to be proved against each individual DEFENDANTS (not including CULVER CITY);

4) For Attorneys' Fees and costs of suit;

5) For such other and further relief as the Court may deem proper;

6) For such other and further relief as the Court may deem just, proper, and appropriate.

Date: March 30, 2023                          **V. JAMES DESIMONE LAW**

By: _____
                          V. JAMES DESIMONE, ESQ.
                          CARMEN SABATER, ESQ.
                          EMILY C. BARBOUR, ESQ.

                          Attorneys for PLAINTIFFS,
                          ADRIANA CHRISTINE
                          MEDINA, VICTORIA LYNN
                          SILVA, J.G.M., and A.G.S.

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                          Carmen D. Sabater, Esq.
                                                        Emily C. Barbour, Esq.

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      PLAINTIFF hereby demands a trial by jury.

3

4   Date: March 30, 2023                    **V. JAMES DESIMONE LAW**

5

6

7                                          By: _____

8                                          V. JAMES DESIMONE, ESQ.

9                                          CARMEN SABATER, ESQ.
                                           EMILY C. BARBOUR, ESQ.

10

11                                         Attorneys for PLAINTIFFS,
                                           ADRIANA CHRISTINE
12                                         MEDINA, VICTORIA LYNN
                                           SILVA, J.G.M., and A.G.S.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Medina, et al. v. City of Culver City, et al.*                    V. James DeSimone, Esq.
Case No.: 2:23-cv-00704-ODW-AS                                     Carmen D. Sabater, Esq.
                                                                   Emily C. Barbour, Esq.