1  **V. James DeSimone (SBN: 119668)**
   vjdesimone@gmail.com
2  **Carmen D. Sabater (SBN: 303546)**
   cds820@gmail.com
3  **V. JAMES DESIMONE LAW**
   **13160 Mindanao Way Suite 280**
4  **Marina Del Rey, California 90292**
   **Telephone: (310) 693-5561**
5  VJD000142@bohmlaw.com

   **LAW OFFICES OF**
   **DALE K. GALIPO**
   **Dale K. Galipo (SBN 144074)**
   dalekgalipo@yahoo.com
   **Renee V. Masongsong (SBN 281819)**
   rvalentine@galipolaw.com
   **21800 Burbank Boulevard, Suite 310**
   **Woodland Hills, California 91367**
   **Telephone:  (818) 347-3333**

6

7  Attorneys for Plaintiffs

8  **STEVEN J. ROTHANS – State Bar No. 106579**
   **JONATHAN D. REDFORD – State Bar No. 230389**
9  **CARPENTER, ROTHANS & DUMONT LLP**
   **500 South Grand Avenue, 19th Floor**
10 **Los Angeles, CA 90071**
   **(213) 228-0400**
11 **(213) 228-0401 [Fax]**
   **srothans@crdlaw.com; jredford@crdlaw.com**
12

13 Attorneys for Defendants CITY OF CULVER CITY, a public entity, and
14     CHIEF MANUEL CID and OFFICER ADAM RIOS, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M., and A.G.S., by and through their Guardian Ad Litem ADRIANA CHRISTINE MEDINA, individually and as successors in interest to GUILLERMO MEDINA;<br><br>  Plaintiffs,<br><br>   vs.<br><br>CITY OF CULVER CITY; OFFICER ADAM RIOS; POLICE CHIEF MANUEL CID; in his individual, and official capacity and DOES 1-10 inclusive,<br><br>  Defendants. | Case No. 2:23-cv-00704-WLH-AS<br><br>U.S. District Court Judge Wesley L. Hsu<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>**Scheduling Conference:**<br><br>DATE:  July 17, 2023<br>TIME:   1:30 p.m.<br>COURTROOM:  9B<br><br>Original Complaint Filed: 01/31/23<br>Answer Filed: 05/04/23<br>Trial Date (Proposed): |

TO THE HONORABLE WESLEY L. HSU, UNITED STATES DISTRICT COURT JUDGE:

1

JOINT SCHEDULING CONFERENCE REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, this Court's Order dated May 5, 2023 (prior to the case being reassigned), and Judge Hsu's Standing Order Setting Scheduling Conference, counsel for Plaintiffs ADRIANA CHRISTINE MEDINA, VICTORIA LYNN SILVA, J.G.M. and A.G.S., and Defendants CITY OF CULVER CITY, CHIEF MANUEL CID and OFFICER ADAM RIOS submit this Joint Scheduling Conference Report.

This report is made following early meeting of counsel which took place on June 26, 2023, as required by Federal Rules of Civil Procedure, Rule 26, and this Court's order. During said early meeting of counsel, the parties agreed to make their Initial Disclosures on or before July 17, 2023.

### A.   STATEMENT OF THE CASE.
**PLAINTIFFS' STATEMENT**:

This is a civil rights action brought pursuant to 42 U.S.C. §1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful shooting of the decedent, Guillermo Medina. Plaintiffs bring state and federal causes of action for: (1) violation of 42 U.S.C. § 1983, including excessive force, failure to provide medical care, interference with familial relations, deprivation of life without due process, and municipal liability; (2) discrimination on basis of disability, pursuant to 42 U.S.C. § 12132; (3) state law claims for wrongful death, assault and battery, negligence, and loss of consortium; (4) Violation of Cal. Civil Code § 52.1.

On December 18, 2022, City of Culver City Police Department Officer Adam Rios shot Mr. Medina and killed Mr. Medina as Mr. Medina fled on foot. Immediately prior to and at the time of the shooting, Mr. Medina posed no immediate threat of death or serious bodily injury to any person. Mr. Medina had a history of mental illness, and at the time of the incident, Mr. Medina was having a mental health crisis, for which his wife requested assistance. In response to Plaintiff Adriana Medina's call for mental health assistance for her husband on the date of the incident,

1   Defendant Officer Adam Rios and other deputies arrived at the Medina family
2   residence.  The officers escalated the situation involving the mentally ill Mr. Medina
3   by drawing their weapons and shouting at Mr. Medina.  Mr. Medina fled the scene in
4   a vehicle, and a vehicle pursuit ensued.  Mr. Medina exited his vehicle, unarmed, and
5   a foot pursuit ensued.  Mr. Medina was unarmed at all relevant times, and the
6   officers, including Officer Rios, were able to or should have been able to identify that
7   Mr. Medina had a cellphone in his hands—not a weapon.  As Mr. Medina continued
8   to move away from the officers, Officer Rios shot Mr. Medina in the back multiple
9   times.
10       After the shooting, Officer Rios and the other officers delaying in providing
11  medical attention to Mr. Medina for at least one minute while Mr. Medina bled out on
12  the ground.  Mr. Medina died from the gunshot wounds.  As alleged in Plaintiffs'
13  operative complaint, the shooting in part was caused by the negligent training, hiring
14  and supervision of Officer Rios, and the City of Culver City has an unconstitutional
15  custom, practice and policy of shooting unarmed individuals.  Additionally, the
16  officers failed to reasonably accommodate Mr. Medina's mental health disability
17  during this incident and failed to employ de-escalation tactics, even though it was
18  obvious that he was having a mental health crisis.
19
20       **DEFENDANTS' STATEMENT**
21       Based on the evidence gathered by Defendants to date—while stating that the
22  subject OIS investigation by the California Department of Justice is ongoing and
23  continuing—their version of the incidents and events giving rise to this litigation is as
24  follows.
25       On early Sunday morning 12/18/2022 at approximately 12:16 am CCPD
26  officers responded to a radio call of a subject brandishing a firearm at 3801 College
27  Avenue, Unit 12, in Culver City.  While enroute to the call dispatch advised officers
28  that the suspect – later identified as 39-year-old Guillermo Medina (DOB:

05/13/1983) – was banging on the windows of the apartment unit. A short time later in the call to 911, the reporting party 51-year-old Adriana Medina told dispatch that her husband has a gun in his waistband and that she had locked herself (and her two kids) inside the apartment. She also told dispatch that the suspect had been waving the gun around, and that she was scared.

CCPD officers arrived on scene approximately 3 minutes after the initial call and located Mr. Medina next to the apartment complex. In an effort to de-escalate the encounter, and from a safe distance the officers called out to Mr. Medina using the patrol car PA system asking him to surrender. Mr. Medina began running from the apartment complex to his vehicle, a red Ford Explorer. Believing that a possible assault with a deadly weapon had occurred, officers attempted to stop Mr. Medina – who then led the officers on an approximately 59-minute vehicle pursuit through various neighborhoods across the Los Angeles area. During the vehicle pursuit Mr. Medina committed numerous moving violations, and at one point used his vehicle to push a vehicle stopped in front of him out of the way. Eventually Mr. Medina led officers back to Culver City.

At approximately 1:30 am Medina collided with the center divider at the intersection of Culver Boulevard and Irving Place, ending up on the wrong side of the road. His vehicle had become disabled, and he exited the vehicle and began running eastbound along Culver Boulevard. He turned left on Cardiff Avenue and continued running towards Venice Boulevard. The CCPD officers gave several commands to Mr. Medina to stop running. As they approached Venice Boulevard an officer-involved shooting occurred. After the OIS the officers on scene rendered medical aid to Mr. Medina until the Culver City firefighters arrived on scene. Mr. Medina was pronounced dead at the scene. After the shooting Mr. Medina's vehicle was searched and a <u>replica firearm</u> was recovered. This incident was referred to the California Department of Justice for investigation. **As of the date of this Report, it is believed that the DOJ investigation remains ongoing and is not yet complete**.

Defendants deny liability in all respects for the claims set forth in the subject First Amended Complaint.

### B. SUBJECT MATTER JURISDICTION

This action is a civil action of which the United States District Court has original jurisdiction under 28 U.S.C. § 1331, in that it is founded on claims and rights arising under the Constitution and 42 U.S.C. § 1983.

### C. LEGAL ISSUES

The following are the key legal issues to be decided in this litigation:

a. Whether the subject CCPD officers used excessive force against the decedent in violation of 42 U.S.C. § 1983 and the Fourth Amendment;

b. Whether the subject CCPD officers denied decedent medical care in violation of 42 U.S.C. § 1983;

c. Whether the Defendants violated Plaintiffs' right to familial relationship pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment;

d. Whether the subject CCPD officers committed a substantive due process violation in violation of 42 U.S.C. § 1983;

e. Whether the City of Culver City had an unconstitutional custom, practice or policy that caused a deprivation of the decedent and Plaintiffs' constitutional rights [Monell claim] pursuant to 42 U.S.C. § 1983;

f. Whether Defendants discriminated against the decedent on the basis of disability pursuant to 42 U.S.C. § 12132;

g. Whether the Defendants' conduct was in violation of California Civil Code § 52.1;

h. Whether the Defendants negligently and wrongfully caused the death of the decedent pursuant to California state law;

i. Whether the Defendants committed an assault and battery that resulted in the wrongful death of the decedent pursuant to California state law;

j. Whether the Defendants' conduct was negligent pursuant to California state law;

k. Whether Defendants are liable to Plaintiffs for Loss of Consortium pursuant to California state law;

l. Whether any individual peace officers who are named as Defendants are entitled to either statutory or qualified immunity.

### D. PARTIES, WITNESSES AND EVIDENCE

#### 1. Parties

The parties in this matter are as follows at this time:

- Plaintiffs: Adriana Christine Medina; Victoria Lynn Silva; J.G.M.; A.G.S.
- Defendants: City of Culver City; Chief Manuel Cid; Officer Adam Rios

#### 2. Witnesses

The witnesses believed to have relevant information regarding the incident and events giving rise to this litigation are as follows:

- Plaintiff Adriana Christine Medina
- Plaintiff Victoria Lynn Silva;
- Plaintiff J.G.M.
- Plaintiff A.G.S.
- Culver City Police Department Officer Adam Rios
- Culver City Police Department Officer Brandon Simon
- Culver City Police Department Officer Perez
- Culver City Police Department Officer Aldana
- Culver City Police Department Officer Espinal
- Culver City Police Department Officer Olsen
- Culver City Police Department Officer Railsback
- Culver City Police Department Officer Amador
- Culver City Police Department Sergeant Casey

- Culver City Police Department Officer Ivan Hernandez
- Culver City Police Department Detective G. Lopez
- Culver City Police Department Officer Carlos Moncayo
- Department of Justice investigators handling subject OIS investigation [whose identities are currently unknown]
- Los Angeles County Fire Department personnel [whose identities are currently unknown]
- Maria Casillas Gonzales
- Minko Ko
- Martha Mendoza
- Blanca Gonzales
- Emilia Equino

### 3. Evidence

Based on the information available to the parties at this juncture, the key documents on the main issues in this case are as follows:

- Culver City Police Department Reports [Incident No. 22-0006000]
- Culver City Police Department Call Detail Report
- Culver City Police Department Policies
- California Department of Justice investigation and all portions thereof (which is not yet completed)
- Audio – Radio Traffic

### E. DAMAGES

#### 1. Plaintiffs

Plaintiffs seek damages in an amount to be determined by a jury, in excess of $10,000,000, including wrongful death damages, survival damages, and punitive damages. Plaintiffs also seek damages for loss of financial support and loss of consortium. Plaintiffs also seek attorneys' fees and costs of suit.

### 2. Defendants

Defendants have yet to receive an itemized accounting of the damages being claimed by Plaintiffs in this action. Defendants hope to ascertain said information upon receipt of Plaintiffs' Initial Disclosures and responses to written discovery and document requests.

### F. INSURANCE

Defendant City of Culver City is permissibly self-insured pursuant to Government Code § 990.

### G. MOTIONS

#### 1. Procedural Motions

The parties do not anticipate filing any motion seeking to add other parties or claims, to transfer venue or to challenge the court's jurisdiction at this time. However, Plaintiffs reserve their right to file a motion to amend the complaint in compliance with the scheduling order pending receipt of information during discovery.

#### 2. Dispositive Motions

Defendants intend to file a Motion for Summary Judgment in this matter following the completion of fact discovery.

Plaintiffs request a minimum of two weeks to oppose any dispositive motion that may be filed in this case.

### H. MANUAL FOR COMPLEX LITIGATION

The parties do not believe that the procedures of the Manual for Complex Litigation should be utilized in this action.

//
//
//

## I. DISCOVERY

### 1. Status of Discovery

The parties have yet to engage in any discovery efforts but will commence those efforts following the early meeting of counsel.

### 2. Discovery Plan

The parties agree that discovery, once commenced, should not be conducted by phases but should be conducted consistent with the Federal Rules of Civil Procedure unless otherwise herein specified or otherwise modified by stipulation or Court order. The parties submit their respective discovery plans as follows:

#### a. Plaintiffs

Plaintiffs intend to propound written discovery on Defendants, including a request for production seeking the materials pertaining to the investigation into this incident, and interrogatories. In addition to conducting expert depositions at the appropriate time, Plaintiffs shall depose the who were involved in this incident.

According to Plaintiffs, subjects on which discovery may be needed include: the officers' training; the officers' prior uses of force, if any, including any citizens' or internal complaints made against the involved deputies; City of Culver City Police Department policies with regards to use of force complaints; Department policies with regards to when deadly force may be used; the handling of evidence by City of Culver City employees; medical treatment provided to the decedent on the scene of the incident; testimony of witnesses and involved officers regarding the facts of the incident and the City's investigation into the incident. Plaintiffs anticipate retaining experts, including a police practices expert and, if necessary, experts on mental health issues.

#### b. Defendants

Defendants intend to serve written discovery upon Plaintiffs following the Federal Rules of Civil Procedure, Rule 26 early meeting of counsel regarding the

9
JOINT SCHEDULING CONFERENCE REPORT

incident and their alleged damages, including Interrogatories and a Request for Production of Documents. Following defense counsel's receipt of Plaintiffs' verified discovery responses, copies of all relevant records will be ordered. Subsequent to defense counsel's receipt and review of all such records, the deposition of the Plaintiffs and various witnesses will be scheduled. It is possible that Defendants will seek to have Plaintiffs submit to a medical examination and/or mental examination if warranted and necessary.

Additionally, Defendants anticipate retaining various consultants and expert witnesses to testify on the issues of liability, causation and damages.

### 3. Discovery Cut-Off

The parties propose a fact discovery cutoff date of March 22, 2024.

### 4. Expert Discovery

The parties propose the following deadlines relating to expert discovery:

- Initial expert disclosure:   April 05, 2024
- Rebuttal expert disclosure:  April 19, 2024
- Expert discovery cutoff:     April 19, 2024

### 5. Settlement Conference/Alternative Dispute Resolution

The parties have yet to engage in any formal settlement discussions. The parties, having consulted with their respective clients, indicate their preference is to engage in panel mediation (ADR Option 2). The parties are also amenable to appear before a private mediator (ADR Option 3) if the session with the panel mediator is not successful. The parties believe that any mediation should take place following the completion of at least some discovery and would request that the deadline to complete a settlement proceeding be set for some period of time after the fact discovery cutoff.

## J. TRIAL

### 1. Trial Estimate

The parties, having consulted on the issue, and in light of the nature of the

lawsuit, the issues involved, and the amount of anticipated witnesses, estimate that 5-7 court days will be needed for trial in this matter.

### 2. Jury or Court Trial

Both parties request a jury trial in this matter.

### 3. Consent to Trial Before a Magistrate Judge

The parties do not consent to trial before a Magistrate Judge.

### 4. Lead Trial Counsel

Trial counsel for Plaintiffs will be Dale K. Galipo and James DeSimone.

Trial counsel for Defendant will be Steven J. Rothans and Jonathan D. Redford.

### K. INDEPENDENT EXPERT OR MASTER

The parties agree that this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

### L. PROPOSED DATES

The parties have discussed proposed dates to govern this action and have completed the Court's Schedule of Pretrial and Trial Dates Worksheet, which is attached hereto as Exhibit "A."

### M. OTHER ISSUES

Counsel agree that this case does not contain unusually complicated technical or technological issues, or any other matters affecting the status or management of the case.

One important issue affecting the management of this case is the fact that the Department of Justice has not completed its investigation into the subject incident and that as a result, it would be prejudicial to the parties were discovery to be allowed to proceed while that investigation (which will determine whether to recommend criminal charges to the District Attorney's Office) is pending and while neither side

has access to the seminal investigative reports and documents relating to the subject incident. As such, it is requested that the Court set pretrial and trial dates that are far enough out to ensure that all discovery can be completed following the conclusion of the DOJ investigation.

DATED:  June 30, 2023          V. JAMES DESIMONE LAW
                               LAW OFFICES OF DALE K. GALIPO


                               By: /s/ Renee V. Masongsong
                                   _____
                                   JAMES DESIMONE
                                   DALE K. GALIPO
                                   RENEE V. MASONGSONG
                                   Attorneys for Plaintiffs

DATED:  June 30, 2023          CARPENTER, ROTHANS & DUMONT LLP


                               By:  /s/ Jonathan D. Redford
                                   STEVEN J. ROTHANS
                                   JONATHAN D. REDFORD
                                   Attorneys for Defendants CITY OF
                                   CULVER CITY, a public entity, and
                                   CHIEF MANUEL CID and OFFICER ADAM
                                   RIOS, public employees


Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.