Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CHRISTINE MEDINA; VICTORIA LYNN SILVA; J.G.M., and A.G.S., by and through their Guardian Ad Litem, ADRIANA CHRISTINE MEDINA, in each case individually and as successors in interest to GUILLERMO MEDINA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CULVER CITY; ADAM RIOS; MANUEL CID, in his individual, and official capacity; and DOES 1-10, inclusive,<br><br>Defendants | Case No.: 2:23-cv-00704-WLH-AS<br><br>*Assigned to*:<br>Hon. District Judge Wesley J. Hsu<br>Hon. Magistrate Judge Alka Sagar<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF THE PARTIES' JOINT STIPULATION AND REQUEST TO CONTINUE THE DATES PENDING APPROVAL OF A CONDITIONAL SETTLEMENT AS TO ALL PARTIES AND CLAIMS**<br><br>*[Stipulation, Proposed Order filed concurrently herewith]* |

## DECLARATION OF RENEE V. MASONGSONG

I, Renee V. Masongsong, hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiffs in this instant action. I make this declaration in support of the Parties' Joint Stipulation to Continue the Dates Pending Approval of a Conditional

Settlement as to all Parties and Claims. I have personal knowledge of the matters stated herein and could and would testify competently thereto if called.

1. On March 25, 2024, the Parties participated in a successful mediation with Richard Copeland. Following the mediation, mediator Mr. Copeland proposed a settlement amount. The settlement amount is subject to approval by the appropriate authorities. My understanding is that the Board of Supervisors is scheduled to discuss this proposed settlement amount on May 1, 2024.

2. The Parties are hopeful that the proposed settlement amount will be approved by the appropriate authorities. If the proposed settlement is approved, it would dispose of the case in its entirety.

3. Therefore, the Parties submit that GOOD CAUSE exists to continue the dates in this case to allow time for the Board of Supervisors to discuss the proposed settlement. The continuance will promote judicial economy and efficiency by eliminating the Parties' need to conduct depositions by the current discovery cutoff of April 29, 2024 and retain experts leading up to the current May 17, 2024 initial expert designation date, all of which would be unnecessary if the proposed settlement is approved on May 1, 2024.

4. Counsel for the Parties have met and conferred regarding the above proposed schedule, and December 9, 2024, is the earliest mutually available proposed new trial date.

5. The Parties previously requested one continuance of the discovery dates in this case (Dkt. No. 51-1), on February 27, 2024. The Parties' previous request to continue the discovery dates was supported by the Parties' good cause statement indicating that the case was set for the March 25, 2024 mediation, and that the Parties were hopeful that the mediation would

      result in a potential resolution of the case. This Court previously granted the Parties' request to continue the discovery dates. (Dkt. No. 52).

6. This is the Parties' first request to continue the trial date.

I declare under the penalty of perjury of the laws of the United States Constitution that the foregoing is true and correct. Signed on this 9th day of April, 2024, at Woodland Hills, CA.

          /s/ Renee V. Masongsong
          Renee V. Masongsong