LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CHRISTINE MEDINA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CULVER CITY, et al.,<br><br>Defendants. | Case No.: 2:23-cv-00704-WLH-AS<br><br>*Assigned to*:<br>Hon. District Judge Wesley L. Hsu<br>Hon. Magistrate Judge Alka Sagar<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF J.G.M.**<br><br>[Verification by Guardian ad Litem Adriana Medina, Declaration of Renee V. Masongsong and Exhibits thereto, and Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Adriana Christine Medina, Victoria Lynn Silva, Andrew Silva, and J.G.M., by and through his Guardian ad Litem, Adriana Medina, ("Plaintiffs") hereby move this Court by way of this Ex Parte Application for Approval of Compromise of the Claims of J.G.M.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and

-1-

Authorities, which follows below, and the Declaration of Renee V. Masongsong, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on June 13, 2024, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants are represented by:

> Scott J. Carpenter, Esq.
> Steven J. Rothans, Esq.
> CARPENTER, ROTHANS & DUMONT LLP
> 500 S. Grand Avenue, Suite 1900
> Los Angeles, CA 90071
> (213) 228-0400

Defendants' counsel does not oppose the filing of this application for approval of the minor's compromise on an *ex parte* basis, nor do Defendants or their counsel oppose the proposed distribution of the settlement funds. Declaration of Renee V. Masongsong in Support of Ex Parte Application for Approval of Minor's Compromise ("Masongsong Decl.") at ¶ 3. Plaintiffs seek approval of the minor's compromise on an *ex parte* basis because the interest rates for the annuity will expire if this matter is heard as a regularly-noticed motion. Masongsong Decl. at ¶ 4.

DATED: June 14, 2024           LAW OFFICES OF DALE K. GALIPO

                               By: _____*s/ Renee V. Masongsong*_____
                                   Dale K. Galipo
                                   Renee V. Masongsong
                                   *Attorneys for Plaintiffs*

# UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF J.G.M.

## I. INTRODUCTION

Adriana Medina, guardian *ad litem* for minor plaintiff J.G.M., hereby submits this memorandum and proposed order for approval of the minor's compromise in this matter, and requests that the Court approve of the proposed distribution of the minor's funds. Adriana Medina is J.G.M.'s legal guardian and natural mother.

The instant claims of minor plaintiff J.G.M. arose out of the fatal shooting of J.G.M.'s father, decedent Guillermo Medina, on December 18, 2022, by police officers working for the City of Culver City Police Department. Plaintiffs and Defendants have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper City of Culver City authorities.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $4,500,000 divided equally, as follows:

| | |
|---|---|
| J.G.M. and his attorneys | $1,125,000 |
| Andrew Silva and his attorneys | $1,125,000 |
| Adriana Medina and her attorneys | $1,125,000 |
| Victoria Silva and her attorneys | $1,125,000 |

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding

that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Adriana Medina as guardian *ad litem* for J.G.M. and also as the legal guardian and mother of J.G.M.

2. Plaintiff J.G.M. is a minor child and the son of the decedent in this case, Guillermo Medina. The minor Plaintiff J.G.M. is male. He was born on July 15, 2004.

3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, the minor's claims will be compromised without a trial on the merits. Masongsong

Decl. at ¶ 6.

4. Plaintiff J.G.M.'s damages in this case arise from (1) the injuries suffered by his father, Guillermo Medina (the decedent), for which Plaintiff J.G.M. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiff J.G.M.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Masongsong Decl. at ¶ 7.

5. Neither medical treatment nor medical billing are relevant to this case; Plaintiff J.G.M. has not received medical treatment in connection with this case.

6. The total amount of the settlement that Defendant City of Culver City agrees to pay is $4,500,000. As set forth above, of the $4,500,000 gross settlement amount, $1,125,000 is proposed to be distributed to J.G.M. and his attorneys. Plaintiffs' attorneys— the Law Offices of Dale K. Galipo — are requesting attorneys' fees of 40% of the $1,125,000 in gross settlement proceeds allocated to J.G.M., or $450,000, which was reduced from the initial 45% contingency fee. Masongsong Decl. at ¶¶ 5, 8, 9, 11. Plaintiffs' attorneys also seek reimbursement for the minor Plaintiff's pro rata share of the Plaintiffs' total advanced litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each Plaintiff, such that each plaintiff would pay 25% of the total costs, separate from any loans and advances. The total advanced litigation costs are $9,984.56. Plaintiff J.G.M.'s equal share of the costs is $2,496.14. Masongsong Decl. at ¶ 10.

These are the amounts that the Law Offices of Dale K. Galipo would be due under the existing contingency fee retainer agreements in this case. Plaintiffs initially signed a retainer agreement with attorney V. James DeSimone, and the initial retainer agreement with Mr. DeSimone provided for a 45% contingency fee. The Law Offices of Dale K. Galipo later associated into this case and then took over the case, and Plaintiffs signed a new retainer agreement with the Law Offices of

Dale K. Galipo that provides for a 40% contingency fee, which is a total of $1,800,000, shared equally among the four Plaintiffs. Masongsong Decl. at ¶¶ 5, 8, 9, 11.

The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Masongsong Decl. at ¶ 11.

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney. Masongsong Decl. at ¶ 11.

/ / /

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts.  In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988.  In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour.  In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case and $1,200 per hour for work in defending defendants' appeals to the Ninth Circuit and the Supreme Court.  Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*.  In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level.  In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024.  Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.  Masongsong Decl. at ¶ 11.

Additionally, this case involved a substantial amount of risk.  If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in cases such as this one, Mr. Galipo's office would not be able to take such difficult cases.  In turn, minor plaintiffs such as J.G.M. would not be able to attract competent counsel who could achieve similar results.  Accordingly, Plaintiffs' attorneys request reimbursement the full amount of their attorneys' fees and costs.  Masongsong Decl. at ¶ 11.

/ / /

7. As stated above, the gross amount of the settlement is $4,500,000. The gross share of these proceeds apportioned for minor plaintiff J.G.M. and his attorneys is $1,125,000. After deducting requested attorneys' fees of $450,000, and deducting J.G.M.'s pro-rata share of costs, the total net settlement proceeds to J.G.M. is $672,503.86. Masongsong Decl. at ¶ 12.

8. It is requested that $672,503.86 (the net settlement amount to J.G.M.) be used to fund a structured settlement annuity. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity, which is incorporated herein in its entirety by reference. J.G.M.'s guardian *ad litem,* Adriana Medina, agrees to this proposal and believes that it is in the best interests of J.G.M. Under the proposal set forth in "Exhibit A," the total amount that J.G.M. will receive after the last payment is made from the annuity is $1,224,310. Masongsong Decl. at ¶ 13.

9. The moving guardian *ad litem* is also a plaintiff in this case and also has claims against Defendants in connection with the subject incident.

10. The moving guardian *ad litem* does not have any claims against the minor plaintiff J.G.M. in connection with the subject incident.

11. California Welfare and Institutions Code Section 14124.73 does not apply.

12. This motion does not seek an order for payment of money to a special needs trust. Masongsong Decl. at ¶ 15.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. Masongsong Decl. at ¶ 16.

2. The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

Masongsong Decl. at ¶ 17.

3. The Law Offices of Dale K. Galipo represents the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter.  Masongsong Decl. at ¶ 18.

4. The Law Offices of Dale K. Galipo has not to date received any compensation for their services in connection herewith from any person. Masongsong Decl. at ¶ 19.

5. In addition to receiving compensation from J.G.M.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Victoria Silva, Andrew Silva and Adriana Medina as follows:  Plaintiffs' attorneys will receive $450,000 in attorneys' fees from Victoria Silva's portion of the settlement, $450,000 from Andrew Silva's portion of the settlement, and $450,000 from Adriana Medina's portion of the settlement.  Plaintiffs' attorneys also expect to receive reimbursement from Plaintiffs Adriana Medina, Andrew Silva, and Victoria Silva in the amount of their pro rata share of costs advanced, which is $2,496.14 from each plaintiff or a total of $9,984.56, as well as reimbursement for any funds advanced to the Plaintiffs.  Masongsong Decl. at ¶ 20.

6. The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit.  The initial retainer agreement provided for a 45% contingency fee, but Plaintiffs' counsel is only requesting a 40% contingency fee. Masongsong Decl. at ¶ 11.

**Petitioner's endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the

minor's claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the minor child will be forever barred from seeking any further recovery of compensation even though the minor's injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the minor has made some sufficient recovery from the effects of her injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to the minor to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Petitioner Adriana Medina requests that the Court enter the proposal attached to the Declaration of Renee V. Masongsong as "Exhibit A." Specifically, Petitioner Adriana Medina requests that the Court enter the Proposed Order filed concurrently herewith. As stated, Petitioner Adriana Medina is J.G.M.'s guardian *ad litem*, natural mother, and legal guardian. Petitioner Adriana Medina's verification is attached hereto.

### III.   CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED:  June 14, 2024                    LAW OFFICES OF DALE K. GALIPO

By: _____*s/ Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*