LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA  91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CHRISTINE MEDINA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CULVER CITY, et al.,<br><br>Defendants. | Case No.: 2:23-cv-00704-WLH-AS<br><br>*Assigned to*:<br>Hon. District Judge Wesley L. Hsu<br>Hon. Magistrate Judge Alka Sagar<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF J.G.M.** |

### DECLARATION OF RENEE V. MASONGSONG

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California.  I am one of the attorneys of record for the Plaintiffs in this action.  I have personal knowledge of the matters stated herein and would and could testify competently thereto if called.  I make this declaration in support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of minor plaintiff J.G.M. by and through his guardian *ad litem*, Adriana Medina, individually and as a successor in interest to Guillermo Medina, deceased.

1  2. Defendants are represented by Scott J. Carpenter, Esq., and Steven J. Rothans, Esq., of CARPENTER, ROTHANS & DUMONT LLP, at 500 S. Grand Avenue, Suite 1900, Los Angeles, CA 90071, (213) 228-0400.

3. I emailed a copy of the instant Application to Defendants' counsel on June 13, 2024. I also spoke to Mr. Carpenter on the phone on June 13, 2024 regarding the instant Application. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the proposed distribution of the settlement funds.

4. This Application seeks approval of the compromise of Plaintiff J.G.M.'s claims on an *ex parte* basis because the interest rate for the annuity is likely to expire if this petition is heard as a regularly-noticed motion. For that reason, filing this Application as a regularly-noticed motion may cause a decrease in payment benefits to the minor plaintiff.

5. The settlement agreement obligates Defendants to pay to Plaintiffs and their attorneys $4,500,000.

6. The nature of Plaintiff J.G.M.'s claims in this lawsuit is set forth in the operative complaint filed in this action. Plaintiffs have agreed to settle their claims without a trial on the merits.

7. Plaintiff J.G.M.'s damages in this case arise from (1) the injuries suffered by his father, Guillermo Medina (the decedent), for which Plaintiff J.G.M. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiff J.G.M.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

8. Plaintiff J.G.M.'s attorneys are requesting contingency attorneys' fees in the amount of 40 percent of the $4,500,000 awarded to Plaintiffs, which is a total of $1,800,000, shared equally among the four plaintiffs.

9. The initial contingency retainer agreements between Plaintiffs and their attorneys provide for a 45 percent contingency fee, but J.G.M.'s attorneys are only

1 requesting a 40 percent contingency fee under the existing retainer agreements with all Plaintiffs.

10. Plaintiffs' attorneys are also requesting reimbursement of advanced litigation costs in the amount of $9,984.56. Plaintiff J.G.M.'s equal share of the costs is $2,496.14.

11. Plaintiffs initially signed a retainer agreement with attorney V. James DeSimone, and the initial retainer agreement with Mr. DeSimone provided for a 45% contingency fee. The Law Offices of Dale K. Galipo later associated into this case and then took over the case, and Plaintiffs signed a new retainer agreement with the Law Offices of Dale K. Galipo that provides for a 40% contingency fee.

The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in

the case *Najera v. County of Riverside*, tried in federal court in April 2023 before the Honorable Dolly M. Gee; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

      Mr. Galipo has recently been awarded statutory attorney fee rates of over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case, as well as $1,200 per hour for his work in defending defendants' appeals to the Ninth Circuit and the Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges supports Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.

      Additionally, this case involved a substantial amount of risk. If the Law Offices of Dale K. Galipo were not awarded a fully compensatory fee in cases such as this one, Mr. Galipo's office would not be able to take such difficult cases. In

turn, minor plaintiffs such as J.G.M. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement the full amount of their attorneys' fees and costs.

12. The gross amount of the settlement is $4,500,000. The gross share of these proceeds apportioned for minor plaintiff J.G.M. and his attorneys is $1,125,000. After deducting requested attorneys' fees of $450,000, and deducting J.G.M.'s pro-rata share of costs, the total net settlement proceeds to J.G.M. is $672,503.86.

13. It is requested that $672,503.86 (the net settlement amount to J.G.M.) be used to fund a structured settlement annuity. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity, which is incorporated herein in its entirety by reference. J.G.M.'s guardian *ad litem*, Adriana Medina, agrees to this proposal and believes that it is in the best interests of J.G.M. Under the proposal set forth in "Exhibit A," the total amount that J.G.M. will receive after the last payment is made from the annuity is $1,224,310.

14. J.G.M.'s guardian *ad litem*, Petitioner Adriana Medina, has reviewed the proposed annuity and disbursement schedule for J.G.M. set forth in "Exhibit A" and believes it is in the best interest of J.G.M.

15. This application or petition does not seek an order for payment of money to a special needs trust.

16. I (attorney Renee V. Masongsong, California State Bar Number 281819) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiff J.G.M. in this action.

17. Plaintiff J.G.M.'s attorneys did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted.

18. Plaintiff J.G.M.'s attorneys are not employed by any other party or any insurance carrier involved in the matter.

19. Plaintiff J.G.M.'s attorneys have not to date received any compensation for their services in connection herewith from any person.

20. In addition to receiving compensation from J.G.M.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Victoria Silva, Andrew Silva and Adriana Medina as follows: Plaintiffs' attorneys will receive $450,000 in attorneys' fees from Victoria Silva's portion of the settlement, $450,000 from Andrew Silva's portion of the settlement, and $450,000 from Adriana Medina's portion of the settlement. The total contingency fees owed to the Law Offices of Dale K. Galipo is $1,800,000. Plaintiffs' attorneys also expect to receive reimbursement from Plaintiffs Adriana Medina, Andrew Silva, and Victoria Silva in the amount of their pro rata share of costs advanced, which is $2,496.14 from each plaintiff or a total of $9,984.56, as well as reimbursement for any funds advanced to the Plaintiffs.

21. Attached hereto as "Exhibit B" is a group of documents from Pacific Life Insurance Company, including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 14th day of June 2024 at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong