UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-00704-WLH-AS | Date | August 9, 2024 |
|---|---|---|---|
| Title | *Medina, et al., v. City of Culver City, et al.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE APPROVAL OF COMPROMISE OF MINOR J.G.M.'S CLAIMS [57]**

Plaintiffs filed an unopposed application for approval of a minor's compromise. ("Application," Docket No. 57). Defendants indicated that they do not oppose the Application. (*Id.* at 2). The Application is **GRANTED** for the reasons set forth below.

## I.   FACTUAL BACKGROUND

This is a Section 1983 case (42 U.S.C. § 1983) brought by plaintiffs Adriana Christine Medina, Victoria Lynn Silva, minor J.G.M., and Andrew G. Silva (collectively, "Plaintiffs"). (First Am. Compl., Docket No. 30). Plaintiffs alleged that a police officer with the Culver City Police Department shot and killed Guillermo Medina ("Decedent") while he "fled—at a light jog—on foot." (*Id.* ¶ 3). At the time of the shooting, police were responding to a call from Decedent's wife and J.G.M.'s mother, Adriana Christine Medina, who had reported that her husband was "having a mental health crisis." (*Id.* ¶ 2).

Andrew G. Silva and Victoria Lynn Silva are also Decedent's children. (*Id.* ¶¶ 11–12). At the time the suit was brought, Andrew G. Silva was a minor and is described as such in the operative complaint. (*Id.* ¶ 11 (referring to Andrew G. Silva as "A.G.S.[,]" the "minor son[]" of Decedent)). As with J.G.M., Andrew G. Silva was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

appointed a guardian ad litem—plaintiff Adriana Christine Medina—at the outset of this action. (Docket Nos. 19–20).

The parties filed a notice of settlement on May 8, 2024. (Docket No. 55). Plaintiffs then filed the present Application, which sought approval of the settlement terms for minor J.G.M.. (Appl., Docket No. 57). The Court issued an order requesting supplemental briefing because, at the time, the record reflected that Andrew G. Silva was a minor who would also require settlement approval. (Order, Docket No. 60). In supplemental briefing, Plaintiffs clarified that Andrew G. Silva is now at the age of majority.[1] (Suppl. Br., Docket No. 61 at 1–2 ("Andrew G. Silva was born on March 13, 2005, making him nineteen years of age at the time of the settlement of his claims on or around May 1, 2024.")).

Under the terms of the settlement, Defendants must pay Plaintiffs the total gross sum of $4,500,000 divided equally, i.e. $1,125,000 each for the four Plaintiffs and their attorneys. (Appl., Docket No. 57 at 3). Of J.G.M.'s $1,125,000 share, Plaintiff's counsel seeks 40 percent, a discount of the "45% contingent fee" per the retainer agreement. (*Id.* at 5). That would result in a net settlement amount of $672,503.86 for J.G.M., and $450,000 for J.G.M.'s attorneys. (*Id.* at 8).

II. **DISCUSSION**

   A. <u>**Legal Standard**</u>

In *Robidoux v. Rosengren*, the Ninth Circuit explained that "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether

---

[1] Because Andrew G. Silva was an adult at the time of the settlement, no court approval of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). When determining if the settlement serves the minor's best interests, the district court should consider whether the net recovery of each minor plaintiff is fair and reasonable "in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases." *Id.* at 1182. If fair and reasonable as to each minor, the district court "should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees." *Id.* (reversing a district court's denial of a settlement on the basis that 56 percent of the total settlement went to attorneys' fees).

At the same time, this Court's Local Rules require the district courts to "fix the amount of attorney's fees" in actions involving a minor. L.R. 17−1.4. To resolve the tension between *Robidoux* and this rule, some district courts have distinguished *Robidoux* factually as a case where the fees were determined by the settlement agreement itself. *See, e.g.*, *Williams v. Dumaguindin*, No. 2:20-cv-09042, 2021 WL 8363237, at *3 (C.D. Cal. Dec. 23, 2021) (explaining that, in *Robidoux*, the district court denied in part the motion to approve the settlement because the settlement included a term that plaintiff's counsel would recover roughly 56 percent of the settlement amount in attorneys' fees). By contrast, in cases, where a separate retainer agreement—not the settlement agreement—governs the fee percentage, some district courts have found it consistent with *Robidoux* to reduce the fee award to ensure that the minor's net settlement recovery is reasonable. *See, e.g.*, *Williams*, 2021 WL 8363237, at *3 (The Court evaluates the request for attorneys' fees by minor Plaintiffs' counsel in light of its "special duty to safeguard the interests of litigants who are minors.")).

///

portion of the settlement or fixing of his attorneys' fees is required.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

    B.    <u>Analysis</u>

Here, a retainer agreement, not the settlement agreement itself, provides that Plaintiff's counsel should take roughly 40% of the minor's settlement funds. (Appl., Docket No. 57 at 9 (noting that the "retainer agreement" governs the fee provision here)). In a case where the minor's parent died in a "violent manner," however, *Williams*, 2021 WL 8363237, at *4, the Court finds that safeguarding the interests of J.G.M. requires that the Court reduce the fees that J.G.M. owes Plaintiff's counsel to 25% of the net recovery. *See Robidoux*, 638 F.3d at 1181 ("In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests.") (cleaned up). As a result, the Court orders that Plaintiff's counsel shall only recover 25% of J.G.M.'s net settlement recovery of $1,125,000 for the same reasons as set forth in *Williams v. Dumaguindin*. *Williams*, 2021 WL 8363237, at *4 (noting that, there as here, the issues were not complex, minimal motion practice occurred, the case settled well before trial, and counsel obtained 25% of the minor's net settlement funds in similar cases).

**III.**    **CONCLUSION**

The settlement of minor J.G.M.'s action against the Defendants in the net amount of $843,750 is hereby approved. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds for J.G.M,[2] in the amount of $1,125,00 no later than thirty (30) days from the date of this Order, payable as follows: Defendants will purchase a structured annuity for the minor Plaintiff J.G.M. in the amount of $843,750 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as

---

[2] Though the proposed order of the Application speaks to the distribution of funds and fees as to all Plaintiffs, the Court's approval is needed only for the minor J.G.M.'s portion of the settlement. Accordingly, this Order directs the settlement distribution only as to J.G.M. and leaves it to the parties to determine how the adult plaintiffs' funds and their respective attorneys'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

"Assignee(s)"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier(s)") rated A+ Class XV by A.M. Best Company.  Defendants shall ensure that the annuity is funded within 45 days of the issuance of this Order.   Within 45 days of the signing of this Order, a draft for $281, 250 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account."  These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by J.G.M.; (2) the advanced litigation costs, cash advances, and legal funding loan repayments.

**IT IS SO ORDERED.**

fees should be distributed.